# CHARLESTON.

G. W. MEEKS *v.* STATE COMPENSATION COMMISSIONER

(No. 6636)

Submitted October 23, 1929. Decided October 29, 1929.

*F. A. McGrew,* for relator.

*Howard B. Lee,* Attorney General and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

In consequence of an injury received in the course of his employment relator was awarded compensation for a period of eight weeks. Thereafter he applied for further compensation which was refused. Thereupon he notified the commissioner in writing that he objected to the finding and demanded a hearing in pursuance of section 43, Chapter 71 of the Acts of the Legislature, 1929. The commissioner refused the hearing. The purpose of this proceeding is to compel him to grant it.

Section 43, Chapter 71, Acts of the Legislature 1929, is an amendment of section 43, Chapter 15P, Code 1923. Said section of the Code provided: "The commissioner shall have full power and authority to hear and determine all questions within this jurisdiction, * * * and the decision of the commissioner thereon shall be final; provided, in case the final action of such commissioner denies the right of the claimant to receive compensation from the fund or directly from the employer, as the case may be, on the ground that the injury was self-inflicted, or on the ground that the injury was not received in the course of and resulting from his employment, or upon any other ground going to the basis of the claimant's rights, then the claimant may, within ninety days after notice of the final action of such commissioner, apply for an appeal to the Supreme Court of Appeals * * *."

The portion of the amendment which supplants the part of the old statute just quoted reads: "* * * * but upon the making of any award going to the basis of claimant's right to compensation, as hereinafter provided from the fund or directly from any employer under section fifty-four, or upon the review of any action of any employer under section fifty-four, the commissioner shall give notice in writing to employer, employee or dependent, as the case may be, of his action, which action shall be final unless the employer, employee or dependent shall, within ten days after receipt of said notice, object to said finding, in which event upon receipt of objection in writing from the employer, employee or dependent relative to the basis of the claim on the ground that

the injury was self-inflicted or that it was not received in the course of and resulting from his employment, or upon any other ground going to the basis of the claimant's or employer's right, the commissioner shall set a time and place for the hearing of evidence, notifying both the employer and claimant at least ten days in advance; and the evidence taken shall be transcribed and become a part of the record in the proceedings, together with other records thereof in the commissioner's office. After said hearing the action of the commissioner affirming, revising or modifying his former action shall be final; *provided, however,* That the claimant or the employer may, within ninety days after notice of the final action of the commissioner, apply to the supreme court of appeals for a review of the record and such decision.''

It will be noted that the changes contemplated in this amendment are procedural. They merely provide for a further development of the case by the commissioner before appeal to this Court. No new ground for appeal is presented. Both the old statute and the new predicate the right of appeal upon some question going to the right of claimant to compensation in the first instance. Questions involving the amount of compensation are not appealable under the statute. Appealable matters lie only at the basis of the right to an award. *McShan v. Heaberlin,* 105 W. Va. 407. Relator admits his case is not appealable under either the Code or the amendment.

Relator claims, however, that the hearing provided for in the amendment is obligatory upon the commissioner as to any disputed questions regardless of their nature. To this proposition we cannot accede. The amendment provides that the interested party may ''object to the finding * * * relative to the basis of a claim on the ground that the injury was self-inflicted or that it was not received in the course of and resulting from his employment or upon any other ground going to the basis of claimant's or employer's right * * *.'' This language is restrictive in its nature and limits the hearing to matters going to the basis of the claimant's or employer's right; and does not include amounts of awards. Indeed, the appeal contemplated by the amendment is from such hearing. Such being the situation, it clearly follows that the relator is

not entitled to a mandamus to require the commissioner' to grant a hearing on the question of a further award, the same not being a matter going to the basis of relator's right to compensation. That matter was heretofore determined in his favor and he was paid substantial compensation.

In the light of the foregoing, the alternative writ of mandamus will be denied.

*Writ denied.*