Petitioner seeks by mandamus to require the state compensation commissioner to grant him a rehearing under section 43, c. 71, Acts 1929, from an order of said commissioner refusing him further compensation for an injury to his leg, which he alleges to be total and permanent in nature. A demurrer to the petition and motion to quash the alternative writ awarded thereon were interposed on behalf of the commissioner, who for return denied the extent of injury set up in the petition, alleging that 25 per cent. partial total disability is the full measure of the injury, and in support thereof refers to the record made before the commissioner, which is incorporated in and made a part of said return.
In the case of State ex rel. Meeks v. Commissioner, 108 W. Va. 68,150 S.E. 230, it was held that a hearing by the compensation *Page 219 
commissioner at the request of an employer, employee, or dependent, as provided for by section 43 of chapter 71 of the Act of 1929, applies only to matters going to the basis of the claimant's or employer's right, and not to amounts or duration of awards. So, we are met at the outset with the question of whether or not the supplemental claim set up herein goes to the "basis of claimant's right" within the meaning of said section.
It appears from the examination of February 15, 1929, made by one of the commissioner's medical aids, after claimant had been paid compensation at the rate of $16 per week for one hundred weeks on a finding of 25 per cent. partial permanent disability, that "there is no change in claimant's condition over former examination." There is no evidence to indicate that this report does not properly state the facts.
Claimant argues that the commissioner's denial of additional compensation amounts to a new finding — a new case — and therefore goes to the basis of his right. But does this necessarily follow? Such would undoubtedly be true if he had shown a more aggravated condition of the injury, or a new claim arising therefrom. This position is taken on the ground that the condition relied on was unforseen at the time of the prior finding, and therefore not passed on. Were we to hold, as contended for by relator, that all supplemental claims go to the "basis of claimant's right," we would, in effect, be opening up the question of the sufficiency of the amounts and duration of awards, a matter within the discretion of the commissioner. Such matters are not appealable under the statute. State ex rel. Meeks v. Commissioner, supra; McShan v.Heaberlin, 105 W. Va. 447, 143 S.E. 109.
We are of opinion that the relator has not shown that clear legal right to have performance of the act he seeks to coerce performance of, and the plain duty to perform it on the part of the respondent, essential to invoke the aid of mandamus.State ex rel. Ferrel v. Commissioner, 108 W. Va. 477,151 S.E. 706.
Writ denied. *Page 220