MAYNARD EDWARDS *v.* LEE OTT, *State Compensation Commissioner et al.*

(Nos. 7204)
(     7205)

Submitted November 25, 1931.   Decided December 12, 1931.

· *J. D. Gronninger* and *Lively & Stambaugh,* for relator.

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Blue, Dayton & Campbell* and *Charles M. Love, Jr.,* for respondents.

LITZ, PRESIDENT:

Relator, Maynard Edwards, seeks a peremptory writ of mandamus, compelling respondent, Lee Ott, as state compensation commissioner, to reopen his claim for compensation, set up in each of these proceedings, to afford him the opportunity of showing that a progressive, enfeebled condition of his right eye, for which he has not been compensated, was caused by injuries received in the course of and resulting from his employment while in the service of coal companies under the jurisdiction of the state compensation department.

On November 19, 1917, Edwards sustained an injury by a fall of slate while employed as a mule driver in a mine of United States Coal & Coke Company, in McDowell county. His injury was reported to respondent, Lee Ott, as state com-

pensation commissioner, by the superintendent of the mine as "bruised hips and back", and by the company physician as "muscles in left arm mashed and skin abrased, injury to back and right kidney". He was promptly removed to a hospital where he remained for nine days, and while there (as he avers) complained of discoloration and pain in his right eye, but was assured by the attending physician that the eye would soon clear up and cease hurting. He was awarded compensation for the injury to his hips, back, kidney and arm in the sum of $66.66, the final payment thereof being made March 2, 1918, when the case was closed. Soon after his release from the hospital, he complained to Guy C. Mace, assistant general superintendent of the company, of severe headaches and pain in his right eye. Although no injury to his head was noted in the reports to the commissioner or the records of the hospital, yet, according to Mace, Edwards "always stated that the slate struck him in the back of the head." The pain continued and when the eye began to bulge noticeably, the company sent him to Cincinnati, Ohio, where he was examined by Dr. W. McL. Ayers, an eye specialist, who reported to Dr. R. V. Shanklin, chief surgeon for the company, August 11, 1921, as follows: "Maynard Edwards, the colored man referred to me by you July 7th is suffering from a rather rare condition. I find he has pulsating exophthalmos of the right eye. This condition is in the large majority of cases due to some trauma or injury to the head. Each case I have seen in the past twenty years has been the result of a similar injury, a blow or a kick on the head, etc. In my opinion from the history he gives of the injury and the development soon after of the bulging eye leads me to state without hesitation the opinion which I expressed to you, that the injury received from the falling slate caused this unfortunate condition." August 12, 1921, Dr. Shanklin sent the above report to the commissioner, accompanied by the following note: "In view of the enclosed letter, referring to Maynard Edwards, I feel we should have this case opened for further consideration." August 26, 1921, Mace wrote the commissioner, in part, as follows: "Before you refuse to reopen this case do you not

think it would be advisable to have your medical man communicate with Dr. Ayers, asking such questions as he might think pertinent to satisfy yourselves that the man's present condition is, or is not, the result of an injury?'' Over a period of five or six years, from 1918, Mace repeatedly requested commissioner Ott to reopen the case for the purpose of fully compensating claimant for the injury, but the commissioner as often refused to act, even though the company has been a self-insurer since the original enactment of the compensation law, under section 54 of the Act, (23-2-9, Code 1931), and as such, pays the claims of its employees for compensation.

Claimant was again injured August 11, 1928, while employed as a coal loader for Ashland Coal & Coke Company, in McDowell county, by a piece of coal striking his goggles and causing a piece of the lens to cut the lower lid of his enfeebled eye. He was awarded compensation for this injury in the sum of $89.79, final payment thereof being made May 20, 1929. There is only slight vision in this eye, and, due to its diseased condition, he has been totally disabled since 1928. On February 14, 1929, C. L. Heaberlin, who had succeeded Lee Ott as compensation commissioner, wrote United States Coal & Coke Company, in part, as follows: ''Medical evidence in the file is that at this time claimant has a permanent total disability and further indicates that his disability is due to the injury of November 19, 1917.'' No further action was taken until after the reappointment of commissioner Ott, who, on August 24, 1929, likewise advised United States Coal & Coke Company: ''This claimant was injured on November 19, 1917, for which he was paid 9 and 3/7 weeks compensation, or a total of $66.66. He has been examined on numerous occasions by our medical examiners in this department, and it appears at the present time that he has lost the entire vision of his right eye. The evidence in the file shows that this trouble may have started from his injury of November 19, 1917, and in view of this fact, we would appreciate very much having a reply from you concerning this matter.'' August 26, 1929, an attorney of the coal company advised the commissioner that he had employed Dr. V. T.

Churchman, Sr., of the medical firm of Churchman & Churchman, ear, eye, nose and throat specialists, of Charleston, to examine claimant's eye, and requested that Edwards be notified to submit to the examination, stating also that the company would bear the expense of Edwards' trip to Charleston. Dr. Churchman made the examination, as arranged, and on August 30, 1929, reported to the commissioner that the condition of claimant's eye was due to some unknown cause. This seemed to satisfy commissioner Ott, although Churchman & Churchman, through its junior member, V. T. Churchman, Jr., had reported in response to a request from the department: "After carefully considering claimant's history, we have decided that the pulsating exophthalmos could have been due to the injury first received."

As Mace appears to have been in charge of compensation matters for the company, we are not inclined to accept its mere allegation at this time that he was unauthorized to make recommendations to the compensation department.

The various requests by United States Coal & Coke Company, through its assistant general superintendent and chief surgeon and physician, of the commissioner to fully compensate the claimant for his injury virtually amount to an admission of liability, which the commissioner had no authority to disregard. His jurisdiction of cases under section 54 of the compensation act is primarily for the protection of the employees. He should, therefore, accept, without question, recommendations of employers governed by said section which are favorable to their employees. Notwithstanding there has been such virtual concession of liability by the employer as would ordinarily justify the court in directing the commissioner to fix the compensation without inquiring into the cause of disability, in order that complete justice may be done, an order will be entered directing the commissioner to reopen the case for consideration on the merits.

*Writ awarded in first case,*
*and denied in the second.*