Lee Wriston *v.* State Compensation Commissioner *et al.*

(No. 7420)

Submitted September 13, 1932.   Decided September 20, 1932.

*England & Ritchie,* for relator.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

Litz, Judge:

Lee Wriston seeks a peremptory writ of mandamus, requiring the state compensation commissioner to grant him a hearing upon his claim for additional compensation under the Workmen's Compensation Act.

Wriston sustained serious personal injury December 13, 1929, in the course of and resulting from his employment as coal miner for Kingston-Pocahontas Coal Company. After receiving temporary compensation for 52 weeks, on January 14, 1931, without being given a formal hearing, he was notified by the commissioner that he would not be granted further relief. By letter dated January 24, 1931, claimant, by counsel, protested the closing of his case, and requested that he be permitted to introduce evidence showing a progressive disability resulting from the injury. He was examined by the medical department of the compensation department February 17, 1931, and later, again advised by the commissioner that the evidence did not warrant further compensation. Wriston was examined April 14, 1932, by Dr. J. E. Coleman and Dr. A. A. Wingrove of Fayetteville, who were of opinion that he was totally incapacitated as a result of the injury. Dr. R. H. Walker of Charleston, after examining claimant on April 22, 1932, stated: ''The infirmities due to his age and occupation have been aggravated by his injury to an extent that he is unable to work. He is totally disabled.'' May 10, 1932, claimant filed a formal petition with the commissioner, alleging that the progressive nature of his disability resulting from the injury had rendered him permanently and totally disabled, and requesting a hearing in order that he might be fully compensated. At the instance of the commissioner, J. S. Edmundson, an inspector of the compensation department, investigated the claim in June, 1932. By memorandum dated July 9, 1932, Dr. Russell Kessel, chief medical examiner for the compensation department, reported to the commissioner that after an examination of the evidence he was of opinion that claimant had been fully compensated. A final order, entered by the commissioner, July 13, 1932, refusing to award claimant further compensation, was duly protested by him.

The complaint of claimant is, in substance, that the commissioner has wrongfully refused him a hearing upon the claim that his injury is progressive, which amounts to an allegation of a new case going to the basis of his right to compensation. The state compensation commissioner may be

compelled by mandamus to grant a hearing on an application for a supplemental award to compensate the claimant for a disability arising subsequent to the initial award and not then considered in fixing the amount of compensation. *Hall* v. *Compensation Commissioner*, 109 W. Va. 230, 153 S. E. 510; *Edwards* v. *Compensation Commissioner*, 111 W. Va. 349, 161 S. E. 615.

The writ is, therefore, awarded.

*Writ awarded.*