DAN IGO *v.* STATE COMPENSATION COMMISSIONER

(No. 7404)

Submitted September 28, 1932. Decided October 4, 1932.

*Ellison & Ellison,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

WOODS, JUDGE:

Claimant, who, on September 14, 1929, had his left eye injured by flying particles of coal, after a report by Dr. Weltner, that his vision was 20/40, was awarded a 15% rating, which carried compensation for a period of 60 weeks, ending November 17, 1930. Just prior to the latter date, he was again examined, and while his vision at first appeared to have become greatly impaired (20/300), the occulist, by means of malingering tests, found him to have at least 20/80 vision, which, if accepted, would have entitled claimant to a 24% award (the total loss of an eye being 33% by the statute). Claimant was notified, however, that he had been adequately compensated and that his claim remained closed. Later, at the instance of the employer, the commissioner sent claimant to Dr. Dillon, who, while finding a somewhat similar condition, reported that by use of malingering tests he was able to prove conclusively, vision in the left eye of 20/70. His report concludes: "I unhesitatingly make a diagnosis of malingering." Claimant was again notified that his claim stood closed as of November 17, 1930. After a letter from the commissioner detailing the record of the claim, the employer made no further requests on behalf of the claimant. Approximately a year after, to-wit, April 7, 1932, claimant submitted a petition, requesting a hearing, accompanying

said petition with two reports, one from Dr. Stump, a medical doctor, and Dr. Wilson, an eye, ear, nose and throat specialist, which indicated that claimant's eyes were possibly a little worse than they had been made to appear to Drs. Weltner and Dillon, before the latter specialists had resorted to malingering tests. On April 18th, the commissioner wrote claimant that the petition and accompanying examinations "show nothing different from that for which you have been compensated", to which ruling a formal objection was lodged on April 27th.

Claimant relies upon *Martin* v. *Commissioner*, 111 W. Va. 420, 162 S. E. 486, and similar cases to support his contention. In the above-mentioned case it was held: "A claimant, upon the production of substantial evidence showing a present total disability attributable to the original injury, but not before the commissioner at the time of the former award, is entitled to have the case reopened, provided the commissioner's jurisdiction under Code 1931, 23-4-16, has not ended." But is this such a case?

The commissioner had twice before refused to reopen the claim on practically the same evidence as that submitted in support of claimant's petition for a hearing. Having found him to be a malingerer, the commissioner was certainly not required to reopen the claim upon either Weltner's or Dillion's reports. Because of claimant's refusal to cooperate with either of the foregoing specialists, his vision could very easily have been greater than the degree found by them. Nothing appears in the petition, or exhibits filed therewith, tending to rebut the presumption that claimant was possibly malingering at the time he went before Doctors Stump and Wilson. His former employer seems to have forsaken him. In order to overcome the presumption of malingering, the claimant, under the circumstances, most assuredly carried the laboring oar.

Upon the present state of the record, the action of the commissioner must be affirmed.

*Affirmed.*