ERNEST W. NEWMAN *v.* STATE COMPENSATION COMMISSIONER

(No. 7389)

Submitted September 28, 1932. Decided October 4, 1932.

*James M. Mason* and *R. G. Solof,* for appellant.
*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

Claimant was injured, March 14, 1930, while in the employment of the E. I. Dupont de Nemours & Company at Belle, Kanawha County. He received a sprain in the lower left part of the abdomen. Medical attention was given him at infrequent intervals for about eleven months after the accident during all of which time he continued in his regular employment. He ceased working February 13, 1931. October 13, 1931, he was awarded compensation for 52 weeks based on a thirteen per centum disability. Upon the expiration of this award, he applied for additional compensation. He was referred to physicians by the commissioner for examinations. Further compensation was denied him March 22, 1932. Claimant objected to this finding and requested a hearing which was not granted. Award of this appeal followed.

The doctors who examined claimant both initially and subsequently disagreed as to the cause and nature of his disability. Some of them thought he was permanently disabled and that his disability was a direct result of the injury complained of; others thought his condition was not such as could be attributed to the injury alleged; and still others described his condition as that of a "neurotic" and a "hypochondria type". One doctor, after a most thorough examination, refused to express an opinion.

In seeking further compensation, claimant did not contend that he was permanently disabled. This claim was first made in a formal petition filed subsequent to the order of March 22, 1932. The evidence submitted for a further award is cumulative merely. It does not make a prima facie showing either that the claimant's condition has become more aggravated since the award was made to him or that at the time of the award he was suffering from disabilities not then taken into account by the commissioner. It does not appear from the testimony of the doctors that there have been any new developments or material changes in claimant's condition. This involves administrative matters, within the sound discretion of the commissioner, not appealable. *Murasky v. State Compensation Commissioner*, 109 W. Va. 218, 153 S. E. 509.                                    *Affirmed.*