JOE PUSHIA *v.* STATE COMPENSATION COMMISSIONER

(No. 7390)

Submitted November 2, 1932. Decided November 15, 1932.

*John L. Gillespie,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

WOODS, JUDGE:

Joe Pushia, after the expiration of a twenty-five per cent award covering injury to vision of his left eye, requested the commissioner, on February 17, 1932, to reopen the claim and submitted therewith a report by Dr. Stump to the effect that an examination of claimant's left eye showed a total loss of vision. The commissioner replied by letter, bearing date February 19th, to the effect that the twenty-five per cent award had been made after a careful consideration of the evidence and fully compensated claimant for his injury, and, further, that the claim was closed upon the expiration of said award and would not be reopened. On March 10th, claimant filed a formal petition, accompanying same with his own affidavit, and a report of a subsequent examination by Dr. Stump. Commissioner acknowledged receipt of the petition and supporting exhibits, stating that he was enclosing copy of his letter of the 19th of February. Thereupon, an objection was lodged, and a hearing requested. Receiving no reply, claimant appealed to this Court.

The commissioner contends that claimant's failure to object within ten days after receipt of the letter of February 19th precludes further action on his behalf in regard to the condition of the left eye, as set out in the report of Dr. Stump (citing *Enyart v. Commissioner,* 109 W. Va. 613, 155 S. E. 913; *Myers v. Commissioner,* 110 W. Va. 425, 158 S. E. 512; *Nichols v. Commissioner,* 111 W. Va. 34, 160 S. E. 854; *Igo v. Commissioner,* 112 W. Va. 595, 166 S. E. 8); and that the exhibits accompanying the petition of March 10th were merely cumulative in that they set up the same condition— loss of sight, left eye—relied on in request of February 17th, and, therefore, not sufficient to warrant reopening of the claim. *Murasky v. Commissioner,* 109 W. Va. 218, 153 S. E. 509; *Hall v. Commissioner,* 109 W. Va. 230, 153 S. E. 510; *Newman v. Commissioner,* 112 W. Va. 606, 166 S. E. 14.

The commissioner's position is untenable under the facts of this case. The cases of *Murasky, Hall* and *Newman, supra,* each hold that a claimant is entitled to have his claim reopened upon a showing of an aggravated condition not previously taken into account by the commissioner at the time

of making the award. Both reports of Dr. Stump (who supplemented his examinations by malingering tests) are to the effect that claimant has no vision in the left eye, the latter report attributing this condition to atrophy of the optic nerve. We are of opinion that on the face of Dr. Stump's first report, a *prima facie* new case—a matter going to the basis of claimant's right—entitling claimant to a hearing under Code 1931, 23-5-1, was made. The three last-mentioned cases are to the effect that the ten day period in the foregoing statute begins to run from the date of the commissioner's "finding" in regard to the sufficiency or insufficiency of the new evidence; not from a refusal to consider it. The mere refusal to consider, as presented by the instant case, has never been construed to be a finding within the meaning of the statute. As we construe it, definite action on the purported new case is what is intended. So, treating the petition as one for mandamus, we direct that the claimant be granted a hearing, as provided by statute.

*Remanded with directions.*