LEWIS YOUNG *v.* STATE COMPENSATION COMMISSIONER

(No. 7432)

Submitted January 11, 1933.   Decided January 17, 1933.

*E. E. Robertson* and *Lillian S. Robertson,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

LITZ, JUDGE:

This is an appeal by an injured employee from an order of the state compensation commissioner refusing him a hearing upon his application for additional compensation.

March 26, 1930, the claimant, Lewis Young, sustained injury in the course of and resulting from his employment as a motor truck driver for Venable & Farkas, road contractors, from being struck in the stomach by the dump lever of a motor dump truck. In his application for compensation, filed April 16, 1930, claimant described the result of the accident as an injury to his "back and shoulder". In the preliminary medical report of Dr. E. Bennette Henson of the Charleston General Hospital, submitted with the application, the injury was defined as "contusion of dorsal spine". Without granting him a disability rating, the commissioner awarded Young

compensation from time to time on his application as an open claim, for a total of 60-4/10 weeks, final payment thereof being made May 31, 1931. By letter dated October 8, 1930, Dr. Henson advised the commissioner: ''Mr. Lewis Young was seen and treated in the Charleston General Hospital for a severe muscle spasm of the dorsal region. It was difficult to determine the exact disability in this man's case.'' October 20, 1930, the chief medical examiner of the compensation department advised the commissioner, relative to the injury, as follows: ''Examination at this time shows no evidence of bony injury to the spine. He complains of some trouble with the shoulder and back. They are freely movable. No pathological changes at this time. It is my opinion he is able to return to work without disability.'' In a written report to the commissioner, dated October 30, 1930, Dr. Henson stated: ''This man was kept under observation in the Charleston General Hospital for condition of the dorsal region, especially left side, which has proven to be a severe muscle injury with nerve involvement. I kept Mr. Young in bed with hyperextension and made daily visits to him to observe the progress he was making. The type of injury he received made it difficult to evaluate the true condition. There was sufficient evidence that his dorsal spine had been injured in spite of a negative x-ray. There was swelling over the entire left side of the upper dorsal region with extreme tenderness. The end results of this case show muscle atrophy in the left side with extreme weakness of the left shoulder.'' By writing dated November 17, 1930, addressed to the commissioner, Dr. Henson stated: ''The bearer, Lewis Young, has had an injury to the left side of dorsal spine involving the muscle which evidently had suffered loss of nerve supply. He has gradually improved and the muscles regained their tone. He still complains of pain at the level of the fifth, sixth and seventh dorsal vertebrae on the left. I would like for you to have an x-ray of this region, since I am not satisfied as to the true condition of the upper dorsal vertebrae. * * * I do not question that he had a tear of the nerve roots on the left at time of the accident. What I want now is an x-ray of the spine to see if there is an absorption.'' Accordingly, an x-ray was made by the Mountain State Hospital, and reported to the commis-

sioner November 17, 1930, as follows: "There is no x-ray evidence of fracture or other pathology in the lumbar vertebrae." February 20, 1931, Dr. Henson reported to the commissioner: "Lewis Young has been examined by Dr. J. W. Moore and myself. We cannot advise this man to return to regular employment. We feel he should draw compensation for the time he has been off and continue until such time as his employer will give, him regular employment." The report of an examination by the chief medical examiner of the department, May 26, 1931, follows: "Claimant complains of occasional pains in his neck. He states that sometimes when he stoops over he has difficulty with his back and he had to stop stooping. There are no broken bones in his spine, according to his attending physician, Dr. E. Bennette Henson, Charleston, who stated it was only a rupture of the ligaments. There is no clinical evidence of fracture of the vertebrae. They are freely movable in all directions, and their alignment was found to be normal. There is no atrophy of the muscles of the shoulder group or the muscles of the upper extremities. All active and passive movements are normal. There is no clinical evidence of permanent damage." July 16, 1931, the commissioner advised claimant that he had been fully compensated for the disability arising out of his injury, and that the claim stood closed as of the date of the last payment. November 6, 1931, the commissioner, at the request of claimant, made an additional award of compensation for eight and five-sevenths weeks, and again closed the case. December 31, 1931, Dr. Henson again advised the commissioner: "Lewis Young is unable to work and has been unable to carry on employment since August, 1931. I feel that he is permanently disabled and he should be treated accordingly." January 12, 1932, Dr. Henson reported to the commissioner that "This man (claimant) has traumatic neurosis, which prevents him from returning to his former employment. I have carefully considered his condition from all angles and feel that he cannot hold down a laborer's job, and his rating should be considered in that manner." March 21, 1932, claimant filed a formal petition alleging, substantially, that he was suffering from traumatic neurosis, resulting from the injury subsequent to the previous awards, "which renders him incapable

of performing any and all duties as a laborer''; and that his present physical condition was not considered by the commissioner in fixing past awards. An injured employee, protected by the compensation act, is, upon timely application, entitled to compensation for disability resulting from the injury subsequent to the previous award or awards and not then considered by the commissioner in fixing compensation. *Hall* v. *Commissioner*, 109 W. Va. 230, 153 S. E. 510; *Edwards* v. *Commissioner*, 111 W. Va. 349, 161 S. E. 615.

There is no evidence to meet the *prima facie* case of claimant for additional compensation established by the reports of Dr. Henson subsequent to the last award. In view of this situation, we are of opinion to remand the case for a hearing on the application.

*Reversed and remanded.*