E. L. BURGESS *v.* STATE COMPENSATION COMMISSIONER

(No. 7547)

Submitted January 24, 1933.   Decided January 31, 1933.

*C. R. Summerfield,* for relator.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MAXWELL, PRESIDENT:

Claimant, an employee of Newlyn Coal Company, was injured in his hips and back by a fall of coal in a mine of said company on the 29th of November, 1927.  The evidence shows that as a result of the injuries to complainant's nerves and muscles he is suffering from incontinence of urine and feces. The commissioner made an award of forty per centum permanent total disability.  Thereafter, some payments under the award having been paid, upon protest against the award by the employer, the commissioner caused further inquiry to be made into the claim and, upon reconsideration of the matter, rescinded the award.  The commissioner gave as his reason for so doing that it appeared from the record that the claimant had been treated for incontinence prior to his in-

jury in November, 1927. We do not find sufficient evidence to warrant that conclusion. The claimant was insistent, and after still further examinations and investigations and the lapse of many months, the commissioner reinstated the original award.

The claimant comes now on petition for mandamus. He insists that he is totally and permanently disabled. The prayer of his petition is that the commissioner be required to pay him compensation for the period of months covering the lapse of payments as above stated, and that the commissioner be required to make the claimant an award on the basis of total permanent disability.

If it appeared from the record that the claimant were suffering from total permanent disability, there would thereby be presented a basis on which the court could disregard the finding of the commissioner, set it aside on the ground that it was against the plain preponderance of the evidence, and require him to make an award on the basis of one hundred per centum disability. *Bailey* v. *Commissioner*, 110 W. Va. 151, 158 S. E. 675. But such is not the showing of this record. While there can be little doubt on the record that the claimant is permanently disabled, we do not so interpret the record as to the completeness of his disability. For example, one doctor who examined claimant says that in his opinion claimant will never again "be able to do any strenuous manual labor". We find no medical statement going farther than this on the subject of extent of disability. Neither does the record disclose that the disability from which the claimant is suffering has become aggravated since the making of the award of forty per centum disability by the commissioner.

In such situation, this court may not properly award mandamus. The commissioner's continuing jurisdiction is meant to apply to a case such as this one. If it becomes evident that the condition of the claimant is such that in justice to him, under the compensation statute, he should have a higher rating of disability, it will become the commissioner's duty to take affirmative action thereon. But the statute does not clothe this court with authority to control such situation. The high prerogative writ of mandamus may be employed by a claimant only where he has plain and unquestioned legal right.

*State ex rel. Murasky* v. *Commissioner*, 109 W. Va. 218, 153 S. E. 509.

For the reasons stated, the writ of mandamus is refused.

*Writ refused.*