P. L. PHILLIPS *v.* STATE COMPENSATION COMMISSIONER

(No. 7898)

Submitted February 13, 1934. Decided February 27, 1934.
(As Amended on Denial of Rehearing June 12, 1934)

W. H. *Pettry,* for relator.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

The purpose of this proceeding in mandamus is to require the compensation commissioner to grant the relator a hearing.

The relator was injured in his chest, back and left knee by a fall of slate in a coal mine in February, 1929. After he had received compensation for several months on the basis of an open claim, he was given a rating of twenty-five per centum partial permanent disability and later the rating was increased to thirty-five per centum. The period for which he received compensation under the latter ruling expired November 6, 1931. He then requested additional compensation, but this was denied December 18, 1931, on the ground that he had been fully compensated.

In August, 1933, the relator again petitioned the compensation commissioner for additional compensation. This petition was based on the theory that the claimant had not been given a sufficiently high rating of disability. In support of his petition, the claimant filed therewith the statements of three physicians who had examined him.

One of the physicians expressed the opinion that the claimant's spinal injury has permanently disabled him from per-

forming any manual labor. One of the others thought that the claimant's disabilities are permanent; that he is capable of doing only very light manual labor; and that he should have a higher award of partial permanent disability. These medical reports do not particularize wherein the claimant was then suffering from any disability which had developed subsequent to the prior award, so as to bring the case within the rule restated in *Young* v. *Commissioner*, 113 W. Va. 230, 167 S. E. 592: "The state compensation commissioner should grant a hearing on a timely application for a supplemental award upon a prima facie showing by the claimant of a disability arising subsequent to the previous award and not then considered by the commissioner in fixing the amount of compensation." In fact, in the petition filed before the commissioner in August, 1933, there was no special claim of an aggravated condition. In both that petition and the one filed in this court the theory seems to be that the claimant was not sufficiently compensated in the first instance. But the record does not disclose that any element of the plaintiff's condition existing at the time the award was made was not then taken into consideration by the commissioner, or that the compensation was inadequate on the basis then established.

Upon consideration of the petition filed before him and the accompanying medical reports, the commissioner, on the 6th of November, 1933, refused to reopen the case and reaffirmed his finding of December 18, 1931. We find no error in the commissioner's action.

The claimant having protested said finding, the commissioner caused an examination of the claimant to be made by the chief medical examiner of the compensation department. The physician's reports following this examination confirm the commissioner in his conclusion that the claimant was not suffering from an aggravated condition not theretofore considered and compensated. The commissioner thereupon informed the claimant that his case was definitely closed. Claimant urges that these *ex parte* reports of the chief medical examiner should not have been considered by the commissioner without affording opportunity for cross-examination and for opposing testimony. If such opportunity had been desired, request therefor could readily have been made of the com-

missioner. In the absence of such request, we are of opinion that there was no error in this particular. And, at most, these reports were given no status other than to substantiate a finding already correctly made by the commissioner. This in no wise prejudiced the claimant.

Where a claimant's condition has grown worse subsequent to receiving an award, he is entitled to have his case reopened if the commissioner's jurisdiction has not ended under Code 1931, 23-4-16. *Martin* v. *Compensation Commissioner*, 111 W. Va. 420, 162 S. E. 486. But, a claimant's "right to a hearing under Code 1931, 23-5-1, upon the commissioner's refusal to reopen his claim, is dependent upon a showing of a progressive or aggravated condition not theretofore considered by the commissioner." *Igo* v. *Commissioner*, 112 W. Va. 595, 166 S. E. 8.

On a petition for increased compensation, denied by the commissioner, a claimant is not entitled as of right to have the commissioner set a time and place for the hearing of evidence under Code 1931, 23-5-1. In the absence of a reasonable showing of conditions which had not been considered by the commissioner when the former award was made, there is no occasion for such hearing. In such situation, this court, of course, will not, by mandamus, require the commissioner to grant a hearing. We therefore decline to award a peremptory writ of mandamus.

*Writ refused.*