STATE *ex rel.* HERMAN MCDONALD

*v.*

GEORGE S. SHARP, STATE COMPENSATION COMMISSIONER

(No. 10911)

Submitted September 4, 1957. Decided October 1, 1957.

*Clarence L. Watt,* for relator.

*Steptoe & Johnson, Wilson Anderson,* for employer, Owens-Illinois Glass Co.

BROWNING, JUDGE:

Petitioner, Herman McDonald, in this original proceeding in mandamus, seeks to compel the respondent, George S. Sharp, State Compensation Commissioner, to pay an award of $1,000.00 in petitioner's favor out of the Workmen's Compensation Fund.

The petition alleges the filing of an application for silicosis benefits by petitioner, the regular processing of such application, and the finding of the Silicosis Medical Board that petitioner suffered from silicosis in the first stage. Such finding was protested by the employer, a hearing was held, and on December 10, 1956, the respondent affirmed the finding of the Silicosis Medical Board, and awarded the petitioner $1,000.00 for silicosis in its first stage.

The petition then alleges that: The employer appealed from this decision to the Workmen's Compensation Appeal Board; on April 3, 1957, before the appeal was heard, the petitioner executed an agreement between himself and the employer whereby, in consideration of the sum of $750.00, petitioner released and discharged the employer from any and all claims, et cetera, that may be due to him as a result of any illness, disease, or injury which he may have suffered in the course of his employment with the employer and specifically barred petitioner's right to seek any claim against the employer for Workmen's Compensation benefits. Subsequent to this agreement, the Appeal Board entered an order on April 15, 1957, reciting that, on motion of the employer, the appeal theretofore filed was withdrawn. Thereafter, on May 22, 1957, the respondent entered an order noting the withdrawal of appeal and affirming the previous order of December 10, 1956.

The petition then alleges, notwithstanding his acceptance of the $750.00, petitioner's dissatisfaction with the agreement; his desire to pursue his rights under the Workmen's Compensation laws; the refusal of respondent to pay the award due under his order of December 10, 1956, though such award is still in full force and effect; and concludes with a prayer for a writ of mandamus to compel the respondent to pay the award.

The respondent answered and, while admitting the material allegations of the petition, asserts that: On March 21, 1957, there was submitted to the Workmen's Compensation Appeal Board a written "Motion for Withdrawal of Claim", and an agreed "Order" dismissing both the claim of petitioner and the appeal of the employer, both instruments being signed by the attorneys of record for all parties; such "Motion" and "Order" were placed in the file and returned, with the Appeal Board's order, to the respondent; the order of May 22, 1957, was entered without consideration of the "Motion" and "Order", though both were in the file on that date; on June 5, 1957, the employer appealed from the order of May 22, 1957; and that, a timely appeal having been taken, the respondent is presently without jurisdiction until such appeal shall have been decided.

The respondent attached to his answer as Exhibits A, B and C, respectively, the "Motion", "Order" and an affidavit of petitioner's counsel of record at the time of the proceedings involved, which avers the questionableness of petitioner's claim for silicosis benefits, the intention to dismiss petitioner's claim and the erroneousness of the order of May 22, 1957, in that it violates the agreement of April 3, 1957.

The last sentence of Code, 23-2-7, provides: "No employer or employee shall exempt himself from the burden or waive the benefits of this chapter by any contract, agreement, rule, or regulation, and any such contract, agreement, rule, or regulation shall be pro tanto void."

This Court has on at least three occasions held that this Section is free from ambiguity and means exactly what the plain language thereof denotes. In *Walker* v. *State Compensation Commissioner, et al.*, 107 W. Va. 531, 149 S. E. 604, the only syllabus point reads: "A contract of settlement between claimant and employer, whereby the former waives any benefits under the Workmen's Compensation Act, is void." In the opinion in the case of *Grady* v. *Appalachian Electric Power Company*, 126 W. Va. 546, 29 S. E. 2d. 878, in referring to this Section of the Code, this statement was made: " * * * We think this provision was only meant to prevent agreements by which an employer could obtain a settlement for an injury at a figure less than that which he would be required to pay through an application of the compensation laws, and that an employee could not be bound by a waiver of benefits he was entitled to receive under compensation laws. * * *" In *Vernon* v. *State Compensation Commissioner and The Pocahontas Corporation*, 134 W. Va. 347, 61 S. E. 2d. 243, this Court went further in applying this Section and held that it was applicable to render an agreement void between an employer and an employee entered into prior to the time that the employer elected to subscribe to and come under the protection of the Silicosis Fund which, at that time, was separate from the regular Workmen's Compensation Fund, which covered only personal injuries to employees. The first syllabus point of that case clearly sets out the holding of the Court upon the question: "An employer who elects to become a subscriber to the Workmen's Compensation Fund, while continuing a subscriber, is bound by all the provisions of the Workmen's Compensation Act relating to obligations arising thereunder; and where an employee has contracted silicosis in the course of his employment while the employer has not yet elected to come under the Workmen's Compensation Act, and employment and exposure are continued after the employer elects to subscribe, the employer cannot plead in satisfaction of a claim for silicosis benefits under the Act a release ob-

tained from the employee at a time when the employer was a non-subscriber."

It is clear from these decisions and from the clear language of the statute that the purported agreement entered into between counsel for the claimant and counsel for the employer was void and of no legal effect whatsoever. However, the respondent in his answer, which is undenied, states that he is without jurisdiction to make any payment to the petitioner upon any order entered by him because of the fact that "on June 5, 1957, employer appealed from the Commissioner's order of May 22, 1957 on the ground that said order disregarded claimant's motion to withdraw his claim." By this allegation, the respondent contends that the Appeal Board now has jurisdiction of the case, and, therefore, that this Court is without jurisdiction to issue the writ of mandamus sought by the petitioner.

The present Workmen's Compensation Appeal Board was created by Chapter 78, Acts of the Legislature, Regular Session, 1935, and its authority and juridiction is wholly dependent upon that Act, and subsequent Amendments. It has no authority that is not derived from the Legislature which created it. Michie's West Virginia Code of 1955, 23-5-3, which contains the applicable provisions pertaining to an appeal to the Board from an order of the Commissioner, and in effect at the time all of the matters in controversy in this proceeding transpired, provides that an employer, employee, claimant, or dependent, who shall feel aggrieved at any final action of the commissioner taken after a hearing "shall file a written notice of appeal with the compensation commissioner, directed to such board, within thirty days after receipt of notice of the action complained of, or in any event, regardless of notice, within sixty days after the date of the action complained of, * * * ." The employer did take timely appeal from the Commissioner's order of December 10, 1956, by which it was determined that the claimant was suffering from silicosis in its first stage, and by which he was granted the statutory award of $1,000.00 for such condition. Before

the appeal was heard by the Board, the agreement heretofore mentioned was entered into, and the employer gave formal notice to the Board that its appeal was withdrawn. The purported "Motion for Withdrawal of Claim" of the claimant, and the so-called "Order" dismissing the claim of the petitioner, were disregarded by the Appeal Board and an order was entered showing that upon motion of the employer the appeal had been dismissed, and the claim was certified back to the Commissioner. The Commissioner, also disregarding the purported "Motion for Withdrawal of Claim", entered a routine order confirming the order of the Appeal Board, which order of the Commissioner was dated May 22, 1957, and affirming his previous order of December 10, 1956. It was from this order that the employer gave notice of appeal on June 5, 1957, which caused the claim file and all papers contained therein to be again sent to the Workmen's Compensation Appeal Board. The record is silent as to what, if anything, the Board has done with reference to the case since that time. Michie's 1955 West Virginia Code, 23-5-4, provides for any aggrieved party to apply to this Court for review of any final order of the Workmen's Compensation Appeal Board, and no such application was made by the employer within thirty days subsequent to the order of the Board entered on April 15, 1957.

Unless validity be given to the purported agreement between the employer and the petitioner, the Appeal Board entered the only order that it had authority to enter when it dismissed the appeal, and the Commissioner entered the only order he had authority to enter when he confirmed the order of the Board and reaffirmed his former order. It was not necessary for the Commissioner to wait the statutory thirty days after entry of the Appeal Board's order for possible appeal to this Court before making payment to the petitioner, inasmuch as the employer had withdrawn its appeal. Furthermore, the respondent's order of May 22, 1957, was not an appealable order. Even if the employer had not withdrawn its appeal and the Board had affirmed the order of the Commissioner, the Commission-

er's order of May 22, 1957, was merely an administrative act completing his records as to what had transpired before the Board. If this were not true, there would never be a finality to workmen's compensation appeals. If the Board affirmed an order of the Commissioner, and thirty days thereafter the Commissioner entered an order showing the affirmance, for the purpose of completing his own records and making payment as provided in the Board's order, an employer could again appeal from such routine order and the litigation would be endless. The respondent has no defense, and has offered none, upon the rule issued against him as to why the writ should not issue, that is not based upon the void agreement between the petitioner and the employer. The Workmen's Compensation Appeal Board has no jurisdiction of this claim, and could not, for the reasons stated, obtain such jurisdiction. That the State Compensation Commissioner, the respondent herein, is an administrative officer who may be required by mandamus to perform a nondiscretionary duty, has been established by many decisions of this Court, the last of which was *State ex rel. Red Jacket Coal Corp.* v. *Stokes, Comm.,* 142 W. Va. 126, 94 S. E. 2d. 634.

By orders entered by the respondent and by the Workmen's Compensation Appeal Board, the award to the petitioner of $1,000.00 for the disease of silicosis in the first stage has become final. Nothing remains to be done except for the respondent to pay that sum to the petitioner, and, since the purported agreement is void and the Appeal Board is without jurisdiction to consider the "appeal", the petitioner has a clear legal right to the relief sought in the prayer of his petition. Therefore, the writ of mandamus will issue directing the respondent, the State Compensation Commissioner, to pay to the petitioner that sum of money in accordance with such orders.

*Writ awarded.*