STATE *ex rel.* MELVIN MYERS

*v.*

C. N. STRAUGHAN, STATE COMPENSATION COMMISSIONER

(No. 11063)

Submitted May 12, 1959.　　　Decided May 19, 1959.

*Louis D. Meisel,* for relator.

*C. R. Nutter, John S. Holy,* for respondent.

BROWNING, JUDGE:

This is an original proceeding in mandamus in this Court in which the petitioner, Melvin Myers, seeks a writ to compel the respondent, C. N. Straughan, State Compensation Commissioner, to make an award of compensation to him upon the basis of total and permanent disability. This proceeding was submitted for decision upon the petition, the demurrer and answer of the respondent Straughan and briefs and oral arguments of the attorneys for the petitioner and the respondent Straughan. There was no appearance by the other respondent.

As the result of an injury on October 2, 1951, the petitioner was given an award of thirty-three per cent permanent partial disability on November 6, 1953. This award was for the loss of an eye. On December 5, 1955, the petitioner was again injured while working for the same employer, and on November 10, 1958, the Commissioner granted him a sixty per cent permanent partial disability award for this injury, it being an injury to his back. On December 30, 1958, after the statutory period had passed for protesting the order granting the sixty per cent award, the petitioner requested the Commissioner in writing to consolidate the two claims and to grant to him a total permanent disability award, inasmuch as the awards combined totaled ninety-three per cent, whereas, in his interpretation of the statute, any award over eighty-five per cent entitled the injured workman to compensation for the remainder of his life. The Commissioner consolidated the claims, considered the letter as a petition for reopening the case and referred the petitioner to a Medical Examiner of the Department who reported upon his examination that the claimant "is not totally and permanently disabled." The Commissioner so notified the petitioner and a protest was filed to that order under date of April 15, 1959. On

April 27, 1959, the Secretary of the Department advised the petitioner that a hearing would be held upon his protest, and on the same date this petition in mandamus was filed in this Court.

The threshold question is whether the extraordinary remedy of mandamus is available to the petitioner. Pertinent statutes provide that the petitioner may have a hearing before the Commissioner upon his protest, and if, thereafter, the order of the Commissioner is adverse to him, he may appeal to the Workmen's Compensation Appeal Board as a matter of right. If unsuccessful before the Board, he may apply to this Court for a review of the action of the Board. Code, 23-5-1, 3 and 4, as amended.

In the recent case of *State ex rel. Vance* v. *Arthur, etc., et al.,* 142 W. Va. 737, 98 S. E. 2d 418, this question was reviewed and the cases in point are collected in the opinion. The following quotations are from that opinion with numerous citations of former decisions of this Court in support thereof: "The existence of another remedy will not preclude resort to mandamus for relief unless such other remedy is specific and appropriate to the circumstances of the particular case and requires performance of the duty sought to be enforced." "Though the writ of mandamus will be denied where another and sufficient remedy exists, if such other remedy is inadequate or is not equally as beneficial, convenient and effective, mandamus will lie." "The tendency in this jurisdiction is to enlarge and advance the scope of the remedy of mandamus, rather than to restrict and limit it, in order to afford the relief to which a party is entitled when there is no other adequate and complete legal remedy." "A writ of mandamus will issue to require the discharge by a public official of a nondiscretionary duty."

Code, 23-3-1, as amended, provides in part that: "If an employee who has a definitely ascertainable physical impairment, caused by a previous injury, irrespective of its compensability, becomes permanently and totally disabled through the combined effect of such previous in-

jury and a second injury received in the course of and as a result of his employment, the employer shall be chargeably only for the compensation payable for such second injury: * * *."

Code, 23-4-6, as amended, provides:

"(j) The following permanent disabilities shall be conclusively presumed to be total in character:

"Loss of both eyes or the sight thereof.
"Loss of both hands or the use thereof.
"Loss of both feet or the use thereof.
"Loss of one hand and one foot or the use thereof.

"In all other cases permanent disability shall be determined by the commissioner in accordance with the facts in the case, and award made in accordance with the provisions of subdivision (c)."

The section begins with this sentence: "Where compensation is due an employee under the provisions of this chapter for a personal injury other than silicosis, such compensation shall be as provided in the following schedule: * * *.", and subdivision (c) provides:

"If the injury causes permanent disability, the percentage of disability to total disability shall be determined and the award computed and allowed as follows:

"For permanent disability of from one per cent to eighty-four per cent, inclusive, sixty-six and two-thirds per cent of the average weekly earnings for a period to be computed on the basis of four weeks' compensation for each per cent of disability determined.

"For a disability of eighty-five to one hundred per cent, sixty-six and two-thirds per cent of the average weekly earnings during the remainder of life."

In *Bostic* v. *State Compensation Commissioner*, 142 W. Va. 484, 96 S. E. 2d 481, a claimant for workmen's

compensation benefits brought his case to this Court by appeal from an order of the Workmen's Compensation Appeal Board denying a reopening of his claim for the purpose of obtaining an award of total permanent disability. The facts briefly were these: Claimant had been awarded a sixty per cent permanent partial disability by the State Compensation Commissioner, and previously thereto had received a thirty per cent disability award under the Workmen's Compensation Law of New Jersey for an injury which he alleged would be considered a thirty per cent permanent partial disability under the Workmen's Compensation Law of this State. This Court reversed the Board and the Commissioner and remanded the case with directions that the Commissioner have the claimant examined to determine whether he had a disability as a result of the New Jersey injury as alleged. This sentence from that opinion we believe is conclusive of the controlling issue in this case: "Our consideration of the pertinent statutory provisions, and cases cited, leads us to the conclusion that the claimant, if he satisfactorily establishes the essential allegations of his petition tendered for filing, would be entitled to a total permanent disability rating. * * *"

This Court holds that mandamus is a proper remedy upon the facts established by the pleadings in this proceeding, and that the writ issue directing the respondent, C. N. Straughan, State Compensation Commissioner, to make an award to the petitioner upon the basis of total permanent disability as provided by statute.

*Writ awarded.*