STATE *ex rel.* ISLAND CREEK COAL COMPANY

*v.*

CLETUS B. HANLEY, DIRECTOR OF WORKMEN'S COMPENSATION, *et al.*

(No. 12357)

Submitted September 2, 1964.   Decided November 24, 1964.

*Robert Bailey,* for relator.

*Dores D. McDonnell, Sr.,* Attorney, Legal Division, for respondent Hanley.

*Patrick J. Flanagan,* for Tessner.

HAYMOND, PRESIDENT:

In a proceeding to obtain compensation from the Workmen's Compensation Fund for disability resulting from injury in the course of his employment, the claimant, H. H. Tessner, an employee of Island Creek Coal Company, after obtaining lesser prior disability awards, was granted an award of total permanent disability by order of the Director of Workmen's Compensation entered September 13, 1963.

Upon appeal by the employer, Island Creek Coal Company, to the Workmen's Compensation Appeal Board, the board by order entered January 15, 1964, to which there has been no appeal by either party and which is now in full force and effect, reversed, set aside and held for naught the order of the Director of September 13, 1963, awarding total permanent disability, and remanded the claim to the Director for the further action outlined in the opinion of the board. That opinion contains, among others, these statements: "Review of the entire record * * * convinces this Board that Claimant has satisfactorily proved, from a medical standpoint, that he is totally disabled within the meaning of the Workmen's Compensation Statutes and we so find and hold, so that there can be no question in the future of waiver of rights by Claimant or contention that he has failed to pursue his point. Nevertheless, this record does not prove to our satisfaction that this man, now aged about 45, has no work available to him which is within his ability, mentally and physically, to perform. * * * . Accordingly, the Director's order of September 13, 1963, is vacated and this case remanded to the Director to permit Claimant and Employer

to introduce evidence confined and pertinent to the issues of the type work which Claimant can perform, if any, and the type work available in the labor market of which he is a part, if any."

After the remand of the claim by the board, the Director held no hearing but instead entered an order on April 27, 1964, affirming his former order of September 13, 1963, which granted the claimant compensation on a total permanent disability basis. Within a period of thirty days after the entry of the order of April 27, 1964, the petitioner sought to obtain an appeal from that order but the appeal was rejected by the Director on the ground that the order was a nonappealable order.

After the foregoing action upon the part of the Director the employer instituted this mandamus proceeding in this Court on July 13, 1964. On September 2, 1964, the return day of the rule, this proceeding was submitted for decision upon the petition and its exhibits, the separate answers of the Director and the claimant, and the written briefs and the oral arguments in behalf of the petitioner and the Director.

The material facts are not disputed and the question presented for decision is a question of law.

The petitioner contends that it is the nondiscretionary duty of the Director to comply with the order of the board to conduct a hearing to determine the matters mentioned in the opinion or, after refusing to do so, to accept the petitioner's application for an appeal from the order entered by the Director on April 27, 1964; and that mandamus lies to require the Director to comply with the order of the appeal board or to accept the application of the petitioner for an appeal from the order of April 27, 1964.

It appears to be the contention of the Director and the claimant, as indicated by their answers and the brief in behalf of the Director, that the appeal board, because of the statement in its opinion that it found and held that the claimant had satisfactorily proved from a medical standpoint that he is totally disabled within the meaning of the Workmen's

Compensation Statute, affirmed and did not reverse the order of the Director which awarded the claimant total permanent disability, and that the board was without authority under the applicable statute, Section 3, Article 5, Chapter 23, Code, 1931, as amended, to remand the claim to the Director to take additional or further evidence for a full and complete development of the facts because no good cause was shown for such action. This contention is entirely devoid of merit. The order of the board, not its opinion, constitutes its decision, and the order shows clearly that, notwithstanding the statement in its opinion of its finding, the order of the Director of September 13, 1963, awarding total permanent disability was "reversed, set aside and held for naught." Under the applicable statute the board may sustain the findings of the Director or enter such order or make such award as the Director should have made, stating in writing its reasons for its action; and when the board reverses the order of the Director, as it did in this instance, it may remand the claim to the Director and direct him to proceed in accordance with the order of the board. That was the action taken by the board by its order of January 15, 1964. The requirement that good cause be shown for the action of the board in remanding the claim applies only in instances in which the board does not affirm or reverse the order of the Director. When the claim is remanded upon reversal the statute requires the Director to proceed to take new, additional or further evidence in accordance with the instructions given by the board and to do so within thirty days after receipt of the order of remand after notice to the interested parties.

After the entry by the board of its order reversing the order of the Director and remanding the claim for further action by the Director as outlined in its opinion, it was the nondiscretionary duty of the Director, an administrative officer, to comply with that order and to hold a hearing to enable the claimant and the employer to produce evidence in relation to the issues of the type of work which the claimant could perform, if any, and the type of work, if any, that might be available to him, and to hold such hearing within thirty days from the receipt by the Director of the order of

remand. This the Director has refused to do and mandamus lies to require him to perform that duty and to comply with the order of the appeal board.

In numerous cases this Court has said that the Workmen's Compensation Commissioner, now Director, is not a judicial tribunal but is an administrative officer, agency or tribunal of the government of this State. *Meade v. State Compensation Commissioner,* 147 W. Va. 72, 125 S. E. 2d 771; *Spradlin v. State Compensation Commissioner,* 145 W. Va. 202, 113 S. E. 2d 832; *The West Virginia State Bar v. Earley,* 144 W. Va. 504, 109 S. E. 2d 420; *State ex rel. McDonald v. Sharp,* 143 W. Va. 68, 99 S. E. 2d 875; *Cole v. State Compensation Commissioner,* 121 W. Va. 111, 1 S. E. 2d 877; *Sledd v. State Compensation Commissioner,* 111 W. Va. 509, 163 S. E. 12, 80 A.L.R. 1424; *Proffitt v. State Compensation Commissioner,* 108 W. Va. 438, 151 S. E. 307.

This Court has uniformly held that a writ of mandamus will issue to require the discharge by a public officer of a nondiscretionary duty. *State ex rel. Yahn Electric Company v. Baer,* 148 W. Va. 527, 135 S. E. 2d 687; *State ex rel. Wheeling Downs Racing Association v. Perry,* 148 W. Va. 68, 132 S. E. 2d 922; *State ex rel. Williams v. Board of Trustees of the Policemen's Pension or Relief Fund of the City of Charleston,* 147 W. Va. 795, 131 S. E. 2d 612; *The W. E. Long Co.-Independent Bakers' Cooperative v. Burdett,* 147 W. Va. 177, 126 S. E. 2d 181; *State ex rel. Schenerlein v. The City of Wheeling,* 144 W. Va. 434, 108 S. E. 2d 788; and the numerous cases cited in the opinion in the *W. E. Long Company* case. The Director of Workmen's Compensation is an administrative officer who may be required by mandamus to perform a nondiscretionary duty. *State ex rel. Myers v. Straughan,* 144 W. Va. 452, 108 S. E. 2d 565; *State ex rel. McDonald v. Sharp,* 143 W. Va. 68, 99 S. E. 2d 875; *State ex rel. Red Jacket Coal Corporation v. Stokes,* 142 W. Va. 126, 94 S. E. 2d 634; *Wriston v. State Compensation Commissioner,* 112 W. Va. 535, 165 S. E. 806; *Edwards v. Ott,* 111 W. Va. 349, 161 S. E. 615; *Hall v. State Compensation Commissioner,* 109 W. Va. 230, 153 S. E. 510.

For the reasons stated a writ of mandamus, commanding the Director Workmen's Compensation forthwith to vacate and set aside his order of April 27, 1964, awarding the claimant total permanent disability, and to comply with the order of the Workmen's Compensation Appeal Board entered January 15, 1964, to hold a hearing to permit the claimant and the employer to produce evidence in relation to the issues of the type of work, if any, the claimant could perform and the type of work, if any, that might be available to him, is hereby awarded the petitioner.

*Writ awarded.*