# CHARLESTON.

HENRY WALKER *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 6516)

Submitted September 4, 1929. Decided September 10, 1929.

*England & Ritchie,* for appellant.

WOODS, PRESIDENT:

This is an appeal by an injured employee from the award of the Commission, commonly called the Compensation Appeal Board, created by section 57, Chapter 68, Acts 1925, to review the awards of the Compensation Commissioner.

The employee, now totally blind, attributes the loss of his sight to a piece of coal which struck him in the right eye while he was engaged in scrapping bottom in a coal mine. After a delay of almost a year, and after claimant had practically lost his vision, a report was made by his employer,

under protest, to the Compensation Commissioner, and after some investigation, an award of ''total disability'' for life was entered. Thereupon, the employer protested, and subsequent payments of compensation were suspended pending further investigation. An additional sum was paid later, bringing the award up to date. No further payments being made, the employee placed his claim before the Appeal Board.

A letter by the secretary of the Compensation Commissioner to Howard S. Jarrett, Secretary of the Appeal Board, after giving a brief summary of the case, states:

> ''Evidence was taken and filed in the matter of protest, and later, attorneys representing the claimant and the employer appeared at the Department and stated that an agreement had been reached between the parties, by which if claimant were paid compensation for the months of June to October, both inclusive, his claim for compensation would be considered adjusted, and settled. He had previously been paid compensation for the month of May. Pursuant to this agreement, there was issued on November 5th, check for $315.38, paying compensation for the period indicated, for which claimant executed and signed a receipt.''

The Appeal Board, presumably acting on the assumption that payment under said agreement was tantamount to a new finding on behalf of the Compensation Commissioner, after a review of the papers before it, directed a letter to the Compensation Commissioner, stating therein that after deliberation on the claim it had determined upon an amount of $500.00 as justly due in addition to the sums theretofore paid claimant, and directed that said sum be paid in pursuance to said decision.

The claimant, in this Court, now seeks to have that order set aside and an order entered directing the Compensation Commissioner to pay him according to the terms of the life award. He points out that the original finding of total disability has never been set aside, and that it still remains in full force and vigor.

Section 23, Chapter 15P, Code, provides: '' * * * No employer or employee shall exempt himself from the burden or

waive the benefits of this act by any contract, agreement, rule, or regulation, and any such contract, agreement, rule or regulation shall be pro tanto void." Our Workmen's Compensation Act being remedial should be liberally construed with a view to accomplish its purpose and promote justice. *McVey* v. *Telephone Co.*, 103 W. Va. 519. *Sole* v. *Kindelberger*, 91 W. Va. 603. To allow an agreement to close the account to stand in such cases might in many cases prove very disadvantageous to the claimant. An employer, by threats of having a case re-opened and of statements of what he expected to prove, might cause many a timid and worthy claimant to accept a lesser sum rather than run a possible chance of losing all. Neither will the fact that payment was received prejudice a claimant's rights of appeal. *McShan* v. *Heaberlin*, 105 W. Va. 447.

Inasmuch as the agreement before the Commissioner is of no legal effect, the action of the Appeal Board based thereon likewise falls. The order of the Appeal Board, therefore, will be set aside, and the claimant left to his legal remedy to collect the amount now accrued, over and above the $1,285.38 actually paid him, and such amount as may become due pending future rulings of the Compensation Commissioner on the evidence now or hereafter brought before him; the jurisdiction of the Compensation Commissioner in such cases being continuing. Section 40, Chapter 15P, Code.

*Reversed.*