61 S.E.2d 243 (1950)
VERNON
v.
STATE COMPENSATION COMMISSIONER et al.
No. 10246.
Supreme Court of Appeals of West Virginia.
Submitted April 11, 1950.
Decided May 2, 1950.
Dissenting Opinion September 25, 1950.
*244 Otis E. St. Clair, Welch, for appellant.
Crockett & Tutwiler, Welch, H. R. Hawthorne, New York City, for appellee.
GIVEN, Judge.
This case is before this Court on appeal from an order of the Workmen's Compensation Appeal Board, entered on the 10th day of December, 1949, reversing an order of the compensation commissioner. The order of the commissioner, entered August 12, 1949, affirmed his nonmedical findings and the findings of the medical board, to the effect that claimant, James Edward Vernon, was suffering from the occupational disease of silicosis, in the second stage, and that the disease was contracted by the claimant as an employee of the defendant The Pocahontas Corporation. The award of the commissioner was for $1600, the amount fixed at the time by the statute for silicosis, second stage disability. Acts of the Legislature, 1945, Chapter 131, Section 6-a.
There appears no dispute as to any material fact. The employer admits, for the purposes of this case, that the claimant, at the time of filing the claim herein, was suffering from silicosis in the second stage and that the disease was contracted while *245 claimant was in its employ, and before the employer had elected to subscribe under the then separate silicosis feature of the Workmen's Compensation Act. Claimant commenced work for defendant in 1923 and continued in its employ, working regularly until May 27, 1947, except for short periods of absence due to sickness. The nature of his work was largely of a supervisory nature in the opening and operation of coal mines. Much of his work consisted in drilling through sandstone and slate and was in the presence of large amounts of dust arising therefrom.
The employer, on October 6, 1940, after considerable negotiation, entered into a compromise settlement with claimant, paid him the sum of $1,000, the amount fixed by the statute in effect at that time for silicosis in the second stage, and received from him a release, the pertinent parts of which are: "* * * I, J. E. Vernon * * * do * * * release * * * and discharge The Pocahontas Fuel Company, Incorporated and The Pocahontas Corporation, and its or their successors, of and from any and all manner of actions, damages, controversies, claims and demands which I, * * * may now have, or may at any time hereafter have, against the said Pocahontas Fuel Company, Incorporated or The Pocahontas Corporation, or its or their successors, for, * * * all losses, injuries and/or damages, * * * growing out of * * * personal injuries * * * or occupational diseases * * * received or incurred by me * * * upon any premises or property of said Pocahontas Fuel Company, Incorporated or The Pocahontas Corporation, whether I was at the time employed * * * or otherwise; and I do hereby declare any and all such claims or demands to be, by the payment aforesaid wholly and forever satisfied, released and extinguished; * * *."
On June 15, 1943, subsequent to the execution of the release, The Pocahontas Corporation elected to pay the premiums required by the act and the compensation commissioner issued a certificate showing that the defendant had so elected and that it was "entitled to the benefits and protection of said Act". The Pocahontas Corporation duly filed its plea herein setting up the release as a satisfaction and discharge of the claim.
Code, 23-2-7, contains the following provision relating to release or waiver of benefits and obligations arising under the Workmen's Compensation Act: "* * * No employer or employee shall exempt himself from the burden or waive the benefits of this chapter by any contract, agreement, rule, or regulation, and any such contract, agreement, rule, or regulation shall be pro tanto void."
In Walker v. State Compensation Commissioner, 107 W.Va. 531, 149 S.E. 604, this Court held: "A contract of settlement between claimant and employer, whereby the former waives any benefits under the Workmen's Compensation Act, is void." To the same effect is the holding in Kincannon v. State Compensation Commissioner, 107 W. Va. 533, 149 S.E. 665. In these cases, however, the release or settlement was effected after the employer had become a subscriber to the fund and was clearly bound by the provisions of the act. Here the employer was a nonsubscriber at the time of the execution of the release but later elected to become a subscriber, and was a subscriber at the time of the filing of the claim herein. Counsel have referred us to no case dealing with this question and after diligent search we have found none.
Under the act an employer may become a subscriber or may stay without the act as he may elect. He is not compelled to subscribe to the fund but is denied the benefit of certain common law defenses should he elect to stay without the act. Even after voluntarily becoming a subscriber he may withdraw and "* * * Upon withdrawal from the fund or termination of election of any employer, he shall be refunded the balance due him of his deposit, after deducting all amounts owed by him to the workmen's compensation fund, and the commissioner shall notify the employees of such employer of said termination in such manner as he may deem best and sufficient. * * *" Code, 23-2-5.
It will be noted that the language of the statute, Code, 23-2-7, quoted herein, does not expressly limit the rights of *246 the employer or the employee to contract with reference to burdens or benefits at the time of the existence of such relationship. It limits the right to "exempt himself from the burden or waive the benefits of this chapter". This clearly indicates, we believe, the intention to require of the employer and the employee, while subject to the act, to be bound by all of the provisions of the "chapter", those relating to the burdens as well as those relating to benefits. Under these views we must conclude that the employer, under the circumstances of this case, upon electing to become a subscriber under the act, elected to accept the obligations and burdens of the act as well as the benefits and protection thereof. It, in effect, waived any defense created by the release or settlement in so far as it affected any claims made under the act.
The employer contends that the employee here would receive double compensation for second stage silicosis, since he received the $1,000 in the compromise settlement and will receive the $1600 provided by the act at the time of the filing of the claim. It should be pointed out, however, that the release itself purports to release "all manner of * * * claims * * * for * * * injuries * * *", and not merely the silicosis claim. It must be remembered also that at the time of the settlement the employer was a nonsubscriber and that its liability was not limited to the amount provided by the statute. It could not then claim the protection and benefits given thereunder to a subscribing employer. Its liability at the time had nothing to do with liability fixed by the act, the amount of its liability was limited only by the principle of law that verdicts and judgments cannot stand if unreasonable or excessive. Moreover, the claim here is against the compensation fund, and not directly against the employer.
Nothing herein is intended to be construed as affecting the validity of a release or to limit the rights of an employer or an employee to contract concerning any such liability to which the act is not applicable. Contracts prohibited by this "chapter" are declared to "be pro tanto void" only. For example, if the employer named herein should withdraw from the operation of the act the release could then be pleaded as a defense to any claim of the employee included in or covered by the release.
The employer further contends that claimant is barred from recovery because of wilful self-exposure as defined in the act, Code, 23-4-2, as amended. The only acts of claimant relied upon as constituting wilful self-exposure are that he remained in the employ of the defendant in the same kind of work after having executed the release and after knowledge of the fact that he had contracted silicosis, and after having been advised by physicians that such work would probably aggravate the silicotic condition or cause it to progress more certainly. It is not contended by the employer that the employee failed to use all known reasonable precautions or that he refused to comply with any protective measures set up or suggested by the employer. We are of the opinion that these facts do not constitute wilful self-exposure. Moreover, all these facts were known to the defendant and it acquiesced in the conduct of the claimant by continuing, after the settlement, to employ him in the same kind of work. Caldwell v. Workmen's Compensation Appeal Board, 117 W.Va. 706, 188 S.E. 122; McEwan v. State Compensation Commissioner, 123 W. Va. 310, 14 S.E.2d 914.
The order of the Workmen's Compensation Appeal Board should be reversed, and the order of the State Compensation Commissioner should be reinstated.
Reversed and remanded.
HAYMOND, Judge (dissenting).
Believing, as I do, that the decision in this proceeding requires the payment of compensation for a condition for which the claimant has freely accepted and received full and complete satisfaction, I respectfully register my dissent.
As pointed out in the majority opinion, the material facts are not disputed. It is clearly shown that the claim of the employee for the disabilities which resulted from silicosis in the second stage was fairly *247 and fully compromised and satisfied by agreement between him and his employer and a valid release of the claim was executed by the employee on October 6, 1940, before the employer became a subscriber to the Workmen's Compensation fund. It is not contended, or even suggested, by any party to this proceeding that the release, when executed, was not valid or of binding force and effect. It is also clear that though neither the employee nor the employer was then subject to the provisions of the Workmen's Compensation Law of this State, both of them, in the settlement of the claim, agreed upon the compensation of $1,000 on the basis of the amount then provided by the compensation statutes for silicosis in the second stage. If the compromise settlement was valid and binding and extinguished the claim of the employee, as in my judgment it unquestionably was and did, what revived the claim for the same condition for which this Court holds that the employee is now entitled to be paid, from the compensation fund, compensation a second time in the increased amount of $1,600? The majority opinion does not answer this simple question because manifestly it can not do so.
The holding of the majority is based upon the premise that after the employer became a subscriber to the compensation fund it was bound by all the provisions of the Workmen's Compensation Law, and, in consequence, entitled to its benefits and subjected to its burdens. This proposition is sound in so far as it applies to acts and conduct of the employer and the employee occurring after the employer becomes a subscriber, but it is unreasonable to apply it to transactions which in good faith had been concluded before that time. Before the employer became a subscriber the employee had contracted silicosis in the second stage, the compromise agreement between the employer and the employee had been fully executed, and the claim of the employee had been fully satisfied and extinguished. If there had been no compromise of the claim and the employee had reduced it to judgment and the employer had paid it in full and obtained a valid release, it is difficult to imagine how any court could consider the claim as existent or capable of being revived. I cannot distinguish a satisfied claim from a satisfied judgment based upon it with respect to the extinguishment of the claim. It will not do to say that the compensation of $1,000 received by the employee in the compromise of the claim was paid by the employer and that the pending claim is not against the employer but against the fund. That contention simply advances a distinction without a difference. The stark reality is that the claim in each instance is the same and arises from and is based upon the same facts and conditions. Whether it is paid directly by the employer, as was done in this instance, or by the fund and charged against its account, as now required, is unimportant, for in either event the ultimate payment, at least in part, is made from funds contributed by the employer whose rate of premiums is affected by the present award. See Code, 1931, Chapter 23, Article 2, Section 4, as amended; Peerless Coal and Coke Company v. State Compensation Commissioner, 113 W. Va. 6, 166 S.E. 529; Higgins v. Williams Pocahontas Coal Company, 103 W.Va. 504, 138 S.E. 112.
Recognition of the present claim as valid not only gives retrospective effect to the statute but also inflicts an unjust and legally unauthorized penalty upon the employer for its election to become a subscriber to the compensation fund. Before the compensation law had any application whatsoever to either the employer or the employee his disability had fully developed, they had settled the claim of the employee, and the employer had satisfied it in full by the payment of $1,000 as compensation for the disability. At this late date, to bring the entirely concluded transaction within the compensation statutes, to resurrect the legally extinguished claim, and to apply the statutory provision which prohibits the valid release of a claim of an employee which arises while his employer is subject to the Workmen's Compensation Law, are simply to make that law retrospective in every such instance despite the uniform holdings of this Court to the contrary. In the recent case of State ex rel. Conley v. Pennybacker, 131 W.Va. 442, 48 S.E.2d 9, 11, this Court said: "The presumption *248 is that a statute is intended to operate prospectively and not retrospectively in the absence of clear, strong and imperative words to show the legislative intent to give it retroactive force and effect. * * * Under the compensation laws of this State the relation between employer and employee with respect to compensation is contractual * * *, and legislation may not be made retroactive if to do so would impair the obligation of contracts or disturb vested rights." See also Lester v. State Compensation Commissioner, 123 W.Va. 516, 16 S.E.2d 920; Hardin v. Workmen's Compensation Appeal Board, 118 W.Va. 198, 189 S.E. 670; Long Flame Coal Company v. State Compensation Commissioner, 111 W.Va. 409, 163 S.E. 16; Jenkins v. Heaberlin, 107 W.Va. 287, 148 S.E. 117. If, as this Court now holds, the claim of an employee which has been fully paid and extinguished by a valid release, freely and fairly executed for a valuable consideration, may be paid again from the compensation fund when the employee who suffers no injury or disability other than the one for which he has been fully compensated continues to work for the same employer after the employer has become a subscriber to the compensation fund, the previously settled and satisfied claim of every injured workman similarly situated may be revived and again paid from the fund and charged against the account of the employer. Such a result, obviously never intended by the parties to the compromise of the claim involved in this proceeding, is palpably unjust and should not be permitted or tolerated by any court. Moreover, a rule productive of such harsh and unfair results and so legally unsound would operate to deter employers eligible to subscribe to the Workmen's Compensation fund from exercising their statutory right to do so. It is difficult to believe that an employer not a subscriber to the Workmen's Compensation fund, after having made settlement of numerous claims of his employees who continue to work for him, would become a subscriber upon the condition that those claims would again be paid from the fund if he elected to bring himself within the provisions of the Workmen's Compensation Law. The present condition of the employee has existed since 1936; his claim for compensation for the harmful and injurious effects of silicosis in the second stage was finally settled and paid by the employer and released by the employee on October 6, 1940; but now, approximately fourteen years after he became afflicted, and ten years after he was paid in full, his claim will again be paid from the Workmen's Compensation fund, not in the original amount of $1,000, but in the enlarged sum of $1,600, the amount fixed for second stage silicosis by Section 6a, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, which was the statute in force when the claim was filed. This amount is chargeable to the account of the employer; and the employee is permitted to keep, and the employer is required to lose, the original payment of $1,000 which each of the parties to the compromise, at the time it was effected, believed was a final settlement of the claim. I can not countenance or approve this surprising and unprecedented result of the present decision; and, in my judgment, the mere statement of the foregoing facts should impel the denial of the claim of the employee in this proceeding.
The recognized policy of the law forbids more than one complete satisfaction for the same wrong. The well established rule is that when a claimant has accepted satisfaction in full for an injury done to him, the law will not permit him to recover again for the same damages. Makarenko v. Scott, W.Va., 55 S.E.2d 88, 94; New River and Pocahontas Consolidated Coal Company v. Eary, 115 W.Va. 46, 174 S.E. 573; McDonough v. National Hospital Association, 134 Or. 451, 294 P. 351; Berkley v. Wilson, 87 Md. 219, 39 A. 502; Cleveland v. City of Bangor, 87 Me. 259, 32 A. 892, 47 Am.St.Rep. 326. The decision in this proceeding violates this fundamental legal principle and, for that reason alone, is utterly unwarranted and unsound.
For the reasons set forth in this dissent, I would affirm the order of the Workmen's Compensation Appeal Board and deny the claim.