[L. A. No. 22621. In Bank. July 14, 1953.]

A. P. COVIELLO, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

John C. Miles for Petitioner.

Samuel L. Kurland and Jerold E. Weil for Respondent.

THE COURT.—Petitioner was charged in two counts with violations of his oath and duties as an attorney and counselor at law (Bus. & Prof. Code, §§ 6103, 6067, 6068), and with the commission of acts involving moral turpitude and dishonesty. (Bus. & Prof. Code, § 6106.)

Count one. The local committee found that petitioner accepted professional employment from Mrs. Wiedmer with respect to a claim before the Industrial Accident Commission. The commission approved a compromise whereby Mrs. Wiedmer agreed to settle her claim for $765. From this amount the commission awarded petitioner a fee of $75. Petitioner received a check for $690, payable to Mrs. Wiedmer, representing the amount due her under the settlement. At petitioner's request she endorsed this check to him, and pursuant to an agreement with her, petitioner retained $170 as an additional fee over that allowed by the commission. The committee concluded that this conduct constituted a violation of sections 4903 and 4906 of the Labor Code.

Count two. The local committeee found that petitioner made a written agreement with Mrs. Hughes to probate her husband's estate for $150. He later claimed that the estate was of greater value than Mrs. Hughes had represented to him and that he had been required to perform additional services not contemplated when the agreement was made. He informed Mrs. Hughes that he intended to charge additional fees and prepared and filed a petition for distribution in which he asked for the statutory fee of $550. In the petition he alleged that $150 had been paid on account. He did not inform the probate court of the written agreement, and he made no effort to have it modified or rescinded or cancelled in any respect.

The local committee also found that there were extenuating circumstances, but it did not feel that they excused or justified petitioner's conduct. It recommended that petitioner be suspended for three months. The Board of Governors of the State Bar corrected a clerical error in one of the findings and deleted the finding with respect to extenuating circumstances. In all other respects it adopted the findings and recommendations of the local committee.

Petitioner contends that it was improper to join two

unrelated counts and that he was prejudiced by confusion of issues before the local committee. The charges were separately stated, however, and separate findings were made on each count. Petitioner made no objection to the procedure before the local committee, and there is nothing that indicates that he was prejudiced because the two charges were heard together.

■ Petitioner contends that he should have been permitted to present additional evidence before the board or have been allowed a hearing de novo. The affidavits in support of his motion before the board were admitted in evidence by stipulation, however, and petitioner did not allege he had any other material evidence to present. (See Rule 39.1 of the Rules of Procedure of the State Bar of California.)

■ Petitioner contends that the evidence does not support the findings and conclusions of the board. With respect to count one he contends that the additional payment was voluntarily made to him for past services performed for Mrs. Wiedmer and not as additional compensation for representing her before the Industrial Accident Commission. The testimony with respect to the understanding reached between petitioner and Mrs. Wiedmer is conflicting and confusing. Petitioner testified himself, however, that he had pointed out to Mrs. Wiedmer that she had tentatively agreed to the extra payment ''for past services and for my taking care of the case.'' He then asked her if she was satisfied that that was their agreement and if she was satisfied with it. She said that it was fine. It thus appears that the evidence supports the finding that pursuant to an agreement with Mrs. Wiedmer petitioner accepted additional compensation over that allowed by the commission for representing her with respect to her claim.

■ Section 4906 of the Labor Code provides that ''No charge, claim, or agreement for the legal services or disbursements mentioned in subdivision (a) of section 4903 [providing for attorney's fees in industrial accident cases] . . . is enforceable, valid, or binding in excess of a reasonable amount. The commission may determine what constitutes such reasonable amount.'' The obvious purpose of this section is to protect claimants before the commission from the exaction of excessive fees and it constitutes professional misconduct for an attorney to secure or attempt to secure fees in excess of those allowed by the commission. (*Goldstone* v. *State Bar,*

214 Cal. 490, 497 [6 P.2d 513]; *Barbee v. State Bar*, 213 Cal. 296, 299-300 [2 P.2d 353].)

██ Petitioner contends that Mrs. Wiedmer should be estopped to complain of his fee on the ground that the amount allowed by the commission was inadequate, and that by agreeing to pay more, she induced him to refrain from seeking an increased award from the commission. The question presented here, however, is not whether petitioner actually received more for his services before the commission than he might have been awarded had he sought a rehearing, or whether aside from the provisions of the Labor Code he charged an excessive fee. As noted above, the commission was given jurisdiction to determine attorney's fees for the protection of claimants before it. Petitioner does not contend that he was unfamiliar with the provisions of section 4906 of the Labor Code, and to permit him to contend that the State Bar is estopped to bring disciplinary proceedings because his client entered into an invalid agreement with him would defeat the purpose of the statute.

██ With respect to the second count, it is the position of the board that petitioner employed improper means in attempting to secure a larger fee for the probating of Mr. Hughes' estate than he agreed to accept originally, and that he misled the probate court by failing to disclose to it the existence of the written contract. We have concluded that the evidence does not establish any misconduct in this respect. Petitioner testified that he agreed to handle the probate of the estate on the assumption that it consisted of one piece of real property worth approximately $8,000. Thereafter he learned that the property was worth $14,000. He also testified that he was required to file an amended petition for probate because Mrs. Hughes had failed to inform him of the existence of other heirs, and to prepare an affidavit for inheritance tax purposes because Mrs. Hughes had gone to her husband's safety deposit box without the inheritance tax appraiser. After he made the agreement he also learned of other property that had been held in joint tenancy by Mrs. Hughes and her husband, and he did some work in connection therewith. Before the estate was closed, petitioner wrote Mrs. Hughes a letter and enclosed a petition for fees and distribution for her to sign as executrix. In the letter he pointed out to her that the estate was worth more than he had understood it to be when he agreed to probate it for $150 and that he

had been required to do a great deal of extra work. He stated in the letter that "I am willing to accept the fees fixed by Court on inventory filed, and waive my fees for services in connection with the joint tenancy property, in order to close this estate for you." The petition for fees and distribution, which was later signed by Mrs. Hughes, asked for statutory fees and stated that $150 had been paid on account. Mrs. Hughes testified that she paid no attention to the request for fees when she signed the petition because she was relying on her written agreement and petitioner had never told her he desired any change in it. The amount of the statutory fees, $550, was not set out in the petition. Petitioner testified, however, that before Mrs. Hughes signed the petition they discussed the question of fees and that she was aware of the amount of the statutory fees and expressed no dissatisfaction.

It is clear that petitioner had bona fide grounds for requesting additional fees for probating the estate. His testimony that Mrs. Hughes misrepresented the value of the property to him is substantiated by the fact that she signed the petition for probate, which stated that the estate was worth less than $10,000. Petitioner was also required to perform some unanticipated services. Under these circumstances he was justified in seeking a modification of the original agreement. He clearly stated his position to Mrs. Hughes in the letter he wrote her. He asked only for the statutory fees. Whether or not Mrs. Hughes read the letter and understood what it meant, petitioner was entitled to assume that when she signed the petition for fees and distribution she had agreed to his proposed modification of their original contract. Under these circumstances it cannot be said that he sought to mislead the probate court by failing to inform it of the original contract. The fact that the parties had originally agreed to less than the statutory fees would have been of no interest to the court unless that agreement was still in effect. Petitioner had every reason to believe, however, that the agreement was not still in effect and that Mrs. Hughes had agreed to its modification. In the light of her apparent acquiescence no purpose would have been served by burdening the court with a review of the past arrangements between the parties.

In arriving at its recommendation of a suspension of three months, the Board of Governors relied upon count two, which is not supported by the evidence. In view of the fact that petitioner has had no prior disciplinary record (see

*Clark* v. *State Bar,* 39 Cal.2d 161, 174 [246 P.2d 1]), we have concluded that he will be sufficiently punished if he is suspended from the practice of law for 30 days.

It is ordered that A. P. Coviello be suspended from the practice of law for a period of 30 days commencing 30 days after the filing of this opinion.

Petitioner's application for a rehearing was denied August 6, 1953.