ELMER PRUITT

*v.*

R. R. FETTY, *et al., etc.*

(No. 12258)

Submitted January 21, 1964.   Decided February 25, 1964.

*Greene, Morgan & Ketchum, Claude M. Morgan, Edward H. Greene, Chad W. Ketchum,* for appellant.

*Joe N. Patton,* for appellees.

BERRY, JUDGE:

This action was instituted in the Circuit Court of Cabell County, West Virginia, by the appellee, Elmer Pruitt, who will be hereinafter referred to as plaintiff, against R. R. Fetty and Earl Smith, Partners, trading and doing business as Smith's Meat Processing Company, defendants, to recover damages for an injury caused by the alleged negligence of the defendants, while the plaintiff was boning beef in the defendants' place of business, at which time he slipped and cut himself in the groin, resulting in a serious injury. The case was tried on the theory that the defendants were partners, and although subject to the Workmen's Compensation law, they had not subscribed to it; therefore, the defenses of contributory negligence, assumption of risk and the fellow servant rule were denied them.

Negligence was charged against the defendants for the failure to provide safety appliances in the form of a safety apron and a safe place in which to work. The case was submitted to the jury with a special interrogatory for it to find whether or not the defendants Fetty and Smith were partners in the operation of the Smith's Meat Processing Company, which was answered in the affirmative by the jury and it also returned a verdict in favor of the plaintiff against both defendants in the amount of $28,750. A motion to set aside the verdict was overruled and judgment was entered thereon. Upon application to this Court by the defendant R. R. Fetty, an appeal was granted to him on June 24, 1963. The defendant Earl Smith not having applied to this Court for an appeal, the judgment of the Circuit Court of Cabell County is final as to him.

Several errors are assigned by the defendant R. R. Fetty for the reversal of the judgment of the Circuit Court of Cabell County against him, but for all practical purposes necessary for proper disposition of this case, they amount to and can be consolidated into one assignment of error; namely, that the trial court erred in submitting to the jury the question of partnership between Fetty and Smith, and overruling his motions for a directed verdict

at the conclusion of the plaintiff's evidence, again at the conclusion of all the evidence, and in the refusal to give a peremptory instruction as to the appellant based on this question.

The plaintiff in his evidence in chief attempted to prove that the defendant Fetty was a partner with Smith in the Smith's Meat Processing Company. The defendant's evidence denied any partnership whatsoever, but corresponded in most respects with all of the evidence introduced by the plaintiff to sustain his contention that Fetty was a partner of Smith. The plaintiff was the only witness to testify on his behalf relating to the alleged partnership of Fetty and Smith. He testified that Smith hired him but that Fetty "loafed" around the place frequently and answered the telephone on occasions; that Fetty paid him his wages on one occasion when Smith was away from the place of business; that Smith kept a record of the hours he worked. He testified that Fetty brought meat from Ohio and wholesaled it to Smith and asked him to unload the meat. The plaintiff stated that although he was injured on March 31, 1961, he did not know, or think, that Fetty and Smith were partners on July 19, 1961, at which time he filed a claim for unemployment compensation. He further testified that he never saw Fetty hire anyone to work in the Smith's Meat Processing Company, that he never saw him fire anyone, but that: "He talked pretty rough sometimes". This is substantially all of the evidence the plaintiff offered to support his contention that Smith and Fetty were partners.

Both Fetty and Smith testified unequivocally that they were not partners and had never been partners at any time. Numerous other witnesses, including employees of the Company, testified to facts that would clearly indicate that Fetty was not a partner of Smith during the time the plaintiff worked in the Smith's Meat Processing Company, and at the time he was injured. The evidence of the plaintiff and other employees was to the effect that Fetty made daily visits to a small store nearby, and that after such visits he would also come by the Smith's Meat Processing Company's place of business. It is admitted by the de-

fendant's witnesses that Fetty paid the men on one occasion when Smith was ill for one week, during which time he answered the telephone. Fetty also testified that he owned the building in which the Smith's Meat Processing Company was located; that he had guaranteed the payment of some of Smith's bills, and on other occasions had paid the invoices directly for meats delivered to Smith, but that Smith had reimbursed him on each occasion and that the arrangement was either a guarantee or a loan. The testimony also indicated that Fetty furnished his own truck and delivered meat to Smith which he could not have otherwise obtained; that Smith paid him for the meat plus a small profit of two or three cents per pound for his services. On the occasions of the delivery of this meat, he had asked the employees of the Smith's Meat Processing Company to help unload it.

The license to operate the business was issued in Smith's name alone.

About the time the plaintiff was injured, or a few days thereafter, executions were issued against Smith and the Smith's Meat Processing Company was closed by the sheriff. However, the business was reopened and operated by Fetty for about three months, after which it was operated by one of Smith's brothers. It appears from the evidence that Smith had judgments against him in the amount of approximately $100,000., and was insolvent.

There is no general rule applicable in determining or ascertaining the question of partnership, and no one fact or circumstance can be used as a conclusive criterion, but each case must be governed by its own facts and surrounding circumstances, taken and considered together. 68 C.J.S., Partnership, Section 30. The mere fact that a person dealt with or loaned money to a partnership, or acted as a surety for a partnership, is not sufficient to make him a partner in the business. 68 C.J.S., Partnership, Section 30. See *Hundley* v. *Chadick,* 109 Ala. 575, 19 So. 845.

The question as to what constituted a partnership is a matter of law for the court, but whether a partnership

exists under the evidence of a given case is a question of fact for the jury. However, where the facts are undisputed, or susceptible of only one inference, the question as to whether a partnership exists between particular persons is one of law for the court. 68 C.J.S., Partnership, Section 59; Code, 47-8A-6, 7, as amended; *Martin v. Browder,* 109 W. Va. 542, 549, 155 S. E. 640; *Cooper v. Knox,* 197 Va. 602, 90 S. E. 2d 844.

In the case at bar the facts with regard to the partnership relation between Fetty and Smith are not in conflict and only one inference can be drawn therefrom, that is, that there was no partnership arrangement between them. It is clear from both the evidence of the plaintiff and defendant that they did not share the profits, that Smith obtained a license in his own name, that he hired the employees, that he paid the employees except on one occasion when he was ill, that he paid Fetty a profit for his services in obtaining and delivering meat, that he repaid Fetty for loans or credit given to him, either directly or as surety. These facts fail to establish a partnership under the law, and the interrogatory submitting this question to the jury upon which the judgment against Fetty was based should not have been given, and is reversible error as to the appellant Fetty. Code, 47-8A-7, as amended; *Clark v. Emery et al.,* 58 W. Va. 637, 52 S. E. 770; *Martin v. Browder,* 109 W. Va. 542, 155 S. E. 640.

The only theory under which a person who is not a partner in a partnership with other persons can be held liable as a partner with others to a third person is on the basis of estoppel, although this principle of law can only be relied on by third parties where, by his own conduct, the person who is not a partner represents himself or allows himself to be represented to a third person as being a partner, and the third party relying on such representation or conduct gives credit to the supposed partnership. Code, 47-8A-16, as amended; *The Farmer's Bank, etc. v. Smith & Co. et al.,* 26 W. Va. 541; *Waldron et al. v. Hughes et al.,* 44 W. Va. 126, 29 S. E. 505; *Townley Bros. v. Crickenberger, et als.,* 64 W. Va. 379, 63 S. E. 320; *Cooper v. Knox,* 197 Va. 602, 90 S. E. 2d 844. This doctrine of estoppel in such

cases is not applicable to purely tort actions, because the third party in such cases is not injured as a result of any conduct on the part of the person he is attempting to hold as a partner in connection with a negligent act on the part of another person or persons. It can only be used in connection with a contract or where credit is given in reliance on such conduct. *Cook* v. *Coleman,* 90 W. Va. 748, 111 S. E. 750; *Cooper* v. *Knox, supra.*

This distinction is clearly set forth in the Uniform Partnership Act adopted in this state in 1953, wherein it provides for liability dealing with torts or wrongful acts of partnerships. Code, 47-8A-13, as amended. This section of the Uniform Partnership Act is applicable only where the tort or wrongful act is committed by a person who is an actual partner and a third person who is not a partner is injured thereby. If such person is acting in the ordinary course of the business in the partnership, or with the authority of his co-partners at the time the tort is committed, the partnership is liable to the injured third party. Not only is the person who committed the tort or wrongful act liable but all of the partners are liable to the injured third party. It can readily be seen that in an action based on tort, a partnership must actually exist, and the party who commits the tort must be a partner and acting in the course of the partnership's business. Code, 47-8A-13, as amended.

Under the Uniform Partnership Act, it is also made clear that the doctrine of estoppel applies against a person who is not an actual partner of a partnership only when a third person relies on his conduct and gives credit to the partnership. Then, and only then, is such person liable under the doctrine of estoppel. Code, 47-8A-16, as amended.

The jury verdict as to the defendant Smith may be supported under the facts of this case because of his failure to subscribe to the Workmen's Compensation Act, and his failure to provide safety appliances which may constitute negligence on his part, which would warrant the judgment in favor of the plaintiff against him. 56 C.J.S., Master

and Servant, Sections 207, 214, 262; *Dahmer, Jr. Admr.* v. *State Fair of West Virginia, Inc.,*141 W. Va. 517, 91 S. E. 2d 453; *Smith* v. *Morrison,* 120 W. Va. 481, 199 S. E. 689. However, any negligence attributable to Smith in this case cannot be charged to Fetty, because the evidence is clear and undisputed that no partnership arrangement existed between Smith and Fetty. Code, 47-8A-13, as amended; *Cook* v. *Coleman, supra.* Therefore, it was reversible error on the part of the trial court to refuse to grant the motions made by Fetty to direct the jury to find a verdict in his favor.

For the reasons set out herein, the judgment of the Circuit Court of Cabell County is reversed, the verdict of the jury is set aside and a new trial is awarded to the appellant, R. R. Fetty.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*