DONALD L. JENKINS

*and* BARBARA JENKINS

*v.*

SAL CHEMICAL CO., *etc.*

(No. 14541)

Decided July 14, 1981.

*William W. Merow, Jr., and Stanley E. Preiser,* for appellants.

*Bachmann, Hess, Bachmann & Garden, John B. Garden* and *Paul T. Tucker,* for appellee.

HARSHBARGER, CHIEF JUSTICE:

Donald Jenkins, an Ohio resident, worked at Sal Chemical Company's Follansbee, West Virginia plant since 1973. Sal Chemical is incorporated in Ohio and licensed to

do business in West Virginia. On May 17, 1973, Jenkins contracted with Sal Chemical to file any work-related injury claims exclusively under Ohio's Workmen's Compensation Act. Then, Sal closed its facilities in Toronto, Ohio and moved virtually all its business to our state. On August 23, 1974, Jenkins was severely burned with acid at the Follansbee facility and has received workmen's compensation under Ohio's Act, Ohio Rev. Code Ann. §4123.01 *et seq.*

Jenkins and his wife, by complaint in Brooke County Circuit Court, sought compensatory damages from his employer for negligence and loss of consortium. Sal Chemical's motion for summary judgment and to dismiss was granted because of the above-mentioned agreement.

This is not a conflicts of law problem,[1] but one of statutory interpretation.

Chapter 23 of our Code provides employer liability for employee work-related injuries. It is "the employer-employee status to which the law attaches certain duties and responsibilities. The liability of employers arises from the law itself, *rather than from any agreement of the parties.*" *Lester v. State Workmen's Compensation Commissioner,* 161 W.Va. 299, 242 S.E.2d 443, 451 (1978). (Emphasis added.) Code, 23-2-1, defines employers subject to the chapter:

> "[A]ll persons, firms, associations and corporations regularly employing another person or persons for the purpose of carrying on any form of industry, service or business in this State, are employers within the meaning of this chapter and are hereby required to subscribe to and pay premiums into the workmen's compensation fund for the protection of their employees and shall be subject to all requirements of this chapter . . ."

The statutory employer exemptions are inapplicable. Therefore, Sal Chemical, being an employer within the

---

[1] In *Carroll v. Lanza,* 349 U.S. 408, 411-414, 75 S.Ct. 804, 99 L. Ed. 1183 (1955), the Supreme Court decided that the full faith and credit clause does not require a state to forego use of its applicable statute for that of another state.

Act's definition, was subject to Chapter 23 of our Code. *Mitchell v. Clowser*, 153 W.Va. 552, 170 S.E.2d 753 (1969).

Any contract between an employer and employee that waives the burdens or benefits of the Act is void.[2] Code, 23-2-7; *Lester v. State Workmen's Compensation Commissioner, supra; State ex rel. McDonald v. Sharp,* 143 W.Va. 68, 99 S.E.2d 875 (1957); *Vernon v. State Compensation Commissioner,* 134 W.Va. 347, 61 S.E.2d 243 (1950); *Walker v. State Compensation Commissioner,* 107 W.Va. 531, 149 S.E. 604 (1929). If we permitted an employer to waive West Virginia law by agreement, without legislative authority or statutory compliance, we would do a grave disservice to West Virginia employees.

The employer, considering itself exempt because of the Ohio exclusive remedy agreement, never participated in the West Virginia fund, and by Code, 23-2-8,[3] is prevented from interposing common-law defenses in a work-related

---

[2] In 1975, the Legislature amended Chapter 23 to include a provision allowing a complying employer and employee to elect to be bound by the law of the State where the employee resides and works. Code, 23-2-1c. This provision was enacted after Jenkins' and Sal Chemical's agreement.

[3] W. Va. Code, 23-2-8:

"All employers required by this chapter to subscribe to and pay premiums into the workmen's compensation fund, . . . and who do not subscribe to and pay premiums into the workmen's compensation fund as required by this chapter and have not elected to pay individually and directly or from benefit funds compensation and expenses to injured employees or fatally injured employees' dependents under the provisions of . . . this article, . . . or not having otherwise fully complied with . . . this article, shall be liable to their employees (within the meaning of this article) for all damages suffered by reason of personal injuries sustained in the course of employment caused by the wrongful act, neglect or default of the employer or any of the employer's officers, agents or employees while acting within the scope of their employment and in the course of their employment . . ., such defendant shall not avail himself of the following common-law defenses: The defense of the fellow-servant rule; the defense of the assumption of the risk; or the defense of contributory negligence; and further shall not avail himself of any defense that the negligence in question was that of someone whose duties are prescribed by statute . . . ."

personal injury suit by an employee. *See Pruitt v. Fetty*, 148 W.Va. 275, 134 S.E.2d 713, (1964); *Thorn v. Addison Bros. & Smith, Inc.*, 119 W.Va. 479, 194 S.E. 771 (1937); *Estep v. Price*, 93 W.Va. 81, 115 S.E. 861 (1923).

By obtaining authorization to do business in West Virginia, operating a bagging plant, and hiring people to work there on a regular basis, Sal Chemical was obligated to comply with West Virginia law. Its use of the exclusive remedy provision was not contemplated by the act.[4] Nonetheless, should Jenkins prevail in his negligence action, his recovery would be reduced by the amount of

---

[4] If the employer wished to provide alternative coverage, it was required to comply with the terms and provisions in Code, 23-2-9:

"Notwithstanding anything contained in this chapter, employers subject to this chapter who are of sufficient financial responsibility to insure the payment of compensation to injured employees and the dependents of fatally injured employees, whether in the form of pecuniary compensation or medical attention, funeral expenses or otherwise as herein provided, of the value at least equal to the compensation provided in this chapter, or employers of such financial responsibility who maintain their own benefit funds, or system of compensation, to which their employees are not required or permitted to contribute, or such employers as shall furnish bond or other security to insure such payments, may, upon a finding of such facts by the compensation commissioner, elect to pay individually and directly, or from such benefit funds, department or association, such compensation and expenses to injured employees or fatally injured employees' dependents. . . . Any employer electing under this section shall on or before the twentieth day of the first month of each quarter, for the preceding quarter, file with the commissioner a sworn statement of the total earnings of all his employees subject to this chapter for such preceding quarter, and shall pay into the workmen's compensation fund a sum sufficient to pay his proper proportion of the expenses of the administration of this chapter, and a sum sufficient to pay his proper portion of the expenses for claims for those employers who are delinquent in the payment of premiums, and a sum sufficient to pay his fair portion of the expenses of the disabled workmen's relief fund, as may be determined by the commissioner. . . . Any employer subject to this chapter who shall elect to carry his own risk and who has complied with the requirements of this section and the rules of the compensation commissioner shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after such election and during the period that he is allowed by the commissioner to carry his own risk. . . ."

compensation paid to him through the Ohio plan. The trial court will adjust damages then.

We reverse the summary judgment order and remand for trial.

*Reversed and remanded.*