445 S.E.2d 733

The **COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR,** Complainant,

v.

**Lawrence W. BURDETTE, Jr.,** a Member of the West Virginia State Bar, Respondent.

**No. 22175.**

Supreme Court of Appeals of West Virginia.

Submitted May 3, 1994.

Decided May 20, 1994.

---

10. The report also should include the completion date for the MOCC.

Sherri D. Goodman, Committee on Legal Ethics of The W.V. State Bar, Charleston, for complainant.

Guy R. Bucci, Bucci, Chambers & Willis, Charleston, for respondent.

PER CURIAM. ·

In this disciplinary proceeding, the Committee on Legal Ethics of the West Virginia State Bar (Committee) requests that this Court order a two-year suspension of the law license of the respondent, Lawrence W. Burdette, Jr., and order restitution of unlawfully collected attorney's fees, with interest, and payment of costs totaling $1,286.90. Furthermore, the Committee requests that reinstatement of the respondent to the practice of law be contingent upon full payment of the restitution.

The Committee charged the respondent with violating Rules 1.5(a) and 8.4(c) of the Rules of Professional Conduct (Rules).[1] These charges stem from the respondent's failure to follow the fee schedule set forth in W.Va.Code, 23–5–5 (1975). This section sets a statutory fee for an attorney handling claims under the Workers' Compensation Act. In relevant part, W.Va.Code, 23–5–5, provides: "In no case shall the fee received by the attorney of [a] claimant or dependent

be in excess of twenty percent of the benefits to be paid during a period of two hundred eight weeks."

■ This Court set forth the burden and standard of proof for the Committee in disciplinary proceedings in Syllabus Point 1 of *Committee on Legal Ethics v. Tatterson,* 177 W.Va. 356, 352 S.E.2d 107 (1986):

"'"In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul [or suspend] the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syllabus Point 1, *Committee on Legal Ethics v. Pence,* W.Va., 216 S.E.2d 236 (1975).' Syl. pt. 1, *Committee on Legal Ethics v. Tatterson,* [173] W.Va. [613], 319 S.E.2d 381 (1984)."

Due to the delay in processing workers' compensation claims for permanent total disability, it often occurs that the claimant's final award will be made several years after his injury. Thus, the final award will consist of a sum equal to the benefits due from the date of the injury to the date the award is given. This award is termed the "back pay award." In addition, the claimant also will receive monthly permanent total disability benefits for the remainder of his life.

■ The respondent collected from four workers' compensation claimants 20 percent of their back pay awards and, in addition, charged them 20 percent of their benefits paid for 208 weeks. This latter amount was taken from the claimants' back pay awards.[2] The Committee asserts that these fees violated W.Va.Code, 23–5–5. As we held in Sylla-

---

1. Rule 1.5(a) relates to factors to be considered in determining whether a lawyer's fee is reasonable, which is a basic ethical requirement. Under Rule 1.5(a)(8), this statement is made: "A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following: * * * (8) whether the fee is fixed or contingent."

   Rule 8.4(c) states: "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

2. To illustrate with one of respondent's clients, Raymond Kirk received a permanent total disability award, which resulted in a back pay award of $97,216.83. The respondent took 20 percent of this award as a fee, which amounted to $19,443.36. In addition, Mr. Kirk received future monthly permanent total disability benefits. The respondent calculated the amount Mr. Kirk would receive for 208 weeks. This amounted to $14,140, which the respondent also collected from Mr. Kirk's back pay award.

bus Point 1 of *Committee on Legal Ethics v. Coleman,* 180 W.Va. 493, 377 S.E.2d 485 (1988):

> "Under *W.Va.Code,* 23–5–5 [1975], an attorney's fee for assisting a workers' compensation claimant in obtaining a permanent total disability award, consisting of accrued and future benefits, is not to exceed twenty percent of the accrued and future benefits as one award subject to the 208–week limitation."

The respondent, beginning in January of 1989, wrote the four claimants a letter explaining that there was a controversy over attorneys' fees in workers' compensation cases. In each letter, which they were asked to sign and return, the respondent outlined his fee charges on permanent total disability awards. This fee would be 20 percent of the back pay award. In addition, a fee of 20 percent of the future monthly benefits for a 208 week period would be taken out of the back pay award. The claimants also were informed that if they would not agree, then they should seek the services of another attorney.

■ Based on this letter and the disclosure settlements given to the claimants at the time of closing and payment of the attorney's fees, the respondent contends the claimants waived the statutory compensation fee. Initially, we note that an attorney occupies a position of trust with regard to his client. As we expressed in *Committee on Legal Ethics v. White,* 176 W.Va. 753, 756, 349 S.E.2d 919, 922 (1986):

> "There is ordinarily an inequality in the relationship between an attorney and client. The client comes to the attorney trusting in his expertise and honesty. He often accepts the attorney's representations without making any independent evaluation. For this reason, there is a higher obligation on an attorney to deal with his client in financial matters in a forthright and honest manner."

More to the point, these ethical charges arise out of workers' compensation claims where a waiver is asserted over the statutorily prescribed fees set out in W.Va.Code, 23–5–5. The Workers' Compensation Act in W.Va.Code, 23–2–7 (1974), has a specific provision that forecloses an employee from waiving its benefit: "No employer or employee shall exempt himself from the burden or waive the benefits of this chapter by any contract, agreement, rule or regulation and any such contract, agreement, rule or regulation shall be pro tanto void." *See generally Jenkins v. Sal Chemical Co.,* 167 W.Va. 616, 280 S.E.2d 243 (1981).

The wording of the statute is too clear to be subject to judicial interpretation. It provides neither the employer nor employee can waive the benefits of the Workers' Compensation Act. Consequently, we reject the respondent's claim that the claimants could waive the benefit of the statutorily prescribed fees.

■ Moreover, we reject the respondent's suggestion that he was unaware of the *Coleman* decision when he asked his clients starting in January, 1989, to agree to his fee arrangement which was essentially the same as that condemned in *Coleman.* This practice continued until the cases actually were concluded when the respondent took the same amount of fee barred by *Coleman.* This action occurred as late as 1990.

In *Coleman,* we did give the attorney relief against any disciplinary sanction because we recognized that the fee schedule statute, W.Va.Code, 23–5–5, did have some ambiguity to it.[3] However, this ameliorating condition does not exist in this case simply because *Coleman* set the law. As an experienced workers' compensation claimants' attorney, we simply do not find it credible for the respondent to claim that he was unaware of *Coleman* and took the fees condemned in it in good faith. We believe that even though the respondent made clear his fee position, it was a conscious misrepresentation to the clients that this was a proper fee under

---

**3.** We stated in Syllabus Point 2 of *Coleman, supra:* "Where an attorney bases his or her fee upon a good faith interpretation of an ambiguous fee-limiting statute, the attorney's fee is not 'an illegal or clearly excessive fee' under Disciplinary Rule 2–106(A), for the purpose of imposing disciplinary sanctions against the attorney."

*Coleman.* Consequently, we find that the Committee has proved by clear and convincing evidence a violation of the reasonable fee standard in Rule 1.5(a) and the misrepresentation standard in Rule 8.4(c) of the Rules.[4]

We do agree with the respondent that his lack of prior disciplinary violations is a mitigating factor. We also accept his assertion that a heart attack has resulted in curtailing his practice. Nor do we disagree that his conduct does not rise to the level of the unreasonable attorney's fee at issue in *Committee on Legal Ethics v. Tatterson,* 177 W.Va. 356, 352 S.E.2d 107 (1986), where we discussed this issue at some length. For these reasons, we are willing to hold the respondent's suspension from the practice of law for a one-year period rather than the two-year period recommended by the Committee.

However, the period of readmission is stayed until the respondent has made restitution together with interest to each of the four clients involved in this case.[5] Appropriate proof and date of restitution shall be furnished to the Committee. Finally, we order the respondent to reimburse the Committee for its costs and expenses, which are certified to be $1,286.90.

One-year suspension, restitution, and payment of costs.

NEELY, J., dissents and reserves the right to file a dissenting opinion.

NEELY, Justice, dissenting:

I dissent from the majority opinion and would have imposed a six-month suspension rather than a one-year suspension.

---

4. See note 1 as to the text of Rule 1.5(a) and Rule 8.4(c) of the Rules of Professional Conduct.

5. We ordered restitution with interest in *Coleman,* 180 W.Va. at 500, 377 S.E.2d at 493, for the excess fee taken.