## In the Matter of Francis M. MALEY.

### No. 49S00–9509–DI–1091.

Supreme Court of Indiana.

Dec. 18, 1996.

Francis M. Maley, James H. Voyles, Jr., Mark C. Webb, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

Attorney Francis M. Maley has been charged with collecting an unreasonable fee in violation of Rule 1.5(a) of the *Rules of Professional Conduct for Attorneys at Law.* This case was presented to the duly-appointed hearing officer by way of respondent Maley and the Disciplinary Commission's *"Stip-*ulations of Fact and Misconduct."* The hearing officer has tendered to this Court her recommendation for sanction based on the parties' stipulations, suggesting therein that the respondent receive a private reprimand.

This matter is now before this Court for final resolution. We have jurisdiction of this matter by virtue of the respondent's admission to the bar of this state in 1958. The parties stipulate that, in 1987, a client (the "client") signed two contracts to hire the respondent to represent her regarding an "environmental illness" from which she suffered. One contract provided that the respondent would represent her before the Social Security Administration to recover disability benefits; the second provided that the respondent would represent her in a civil case or a worker's compensation action against her former employer or a third party.

The contract for the worker's compensation and/or civil representation provided, *inter alia:*

> The [client] agrees to pay the [respondent] for his services, a sum of money equal to thirty-three and one-third percent (33 1/3%) prior to filing suit of all sums received; forty percent (40%) of all sums so received after suit is filed; and fifty percent (50%) of all sums so received if a change of venue is taken after suit. In the event an appeal is necessary, the parties will negotiate an additional agreement based on such matters as the size of the judgment, interest payable on it, etc. It is presently contemplated by the parties that this matter will be disposed of through the offices of the Workmen's Compensation Act and if such is the case, the [client] agrees to pay the [respondent] attorney's fees equal to twenty percent (20%) of the amounts so recovered thereunder.

On December 18, 1987, the respondent, on behalf of the client, filed an "Application of Disabled Employee for Compensation Under Provisions of the Indiana Workmen's Occupational Disease Act," (the "application")

with the Industrial Board of Indiana.[1] The application sought compensation from the client's former employer. In January of 1988, the respondent informed his client that if she desired to pursue a tort action against any third parties she needed to advise him to do so given the impending expiration of the applicable statute of limitations. The client elected to forego any such action.

On March 14, 1989, the client signed a renegotiated contract with the respondent, in which she agreed to pay the respondent for his services in regard to the worker's compensation claim:

a sum of money equal to thirty-three and one-third percent (33 1/3%) prior to filing suit of all sums received; forty percent (40%) of all sums so received after suit is filed; and fifty percent (50%) of all sums so received if a change of venue is taken after suit. In the event an appeal is necessary, the parties will negotiate an additional agreement based on such matters as the size of the judgment, interest payable on it, etc.

It is presently contemplated by the parties that this matter will be disposed of through the offices of the Workmen's Compensation Act and if such is the case, the [client] agreed to pay the [respondent] as attorney's fees [an amount] equal to thirty-three and one-third percent (33 1/3%) of the amounts so recovered through a Board hearing, forty percent (40%) if the matter is appealed to the Court of Appeals, and fifty percent (50%) if the matter is then appealed to the Indiana Supreme Court. This agreement is made in recognition of the fact that the case is extremely complicated and involves necessary attorney time in excess of the typical case.

The respondent failed to inform the client of Indiana's presumptive limits on attorney fees in worker's compensation cases, as set forth in 631 I.A.C. 1–1–24.[2]

On November 29, 1988, the respondent and the client appeared before a single member of the Worker's Compensation Board (the "single hearing member") for hearing of the application. On June 21, 1989, the single hearing member issued "Findings of Fact, Conclusions of Law, and Award," which provided, *inter alia:*

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Worker's Compensation Board of Indiana that there be awarded Plaintiff as against the Defendant compensation benefits at the rate of $178.00 per week, beginning January 26, 1986, for a specific period of five hundred (500) weeks or until otherwise terminated in accordance with the provisions of the Indiana Worker's Occupational Diseases Act. . . .

It is further ordered that all compensation by virtue of this award be paid direct to Plaintiff except as hereinafter ordered.

It is further ordered that the fee of Plaintiff's attorney shall be: a minimum of $100.00, and upon the first $10,000.00 of the recovery, 20%; on the second $10,000 of the recovery, 15%; and 10% upon all recovery in excess of $20,000.00, said fees to be paid by Defendant direct to Plaintiff's attorney, Frank M. Maley, with credit to Defendant against the compensation awarded Plaintiff in accordance with this award.

The single hearing member's award to the client computed to a total of $89,000, and thus, under the formula specified in the award (and based on the presumptive regulatory fee schedule), the respondent's fee would have amounted to $10,500.

On July 7, 1989, the employer filed an "Application for the Review by the Full Board of the Original Award" with the full Worker's Compensation Board (the "full board"). The respondent filed a "Petition for Fees" with the full board on December 12,

---

1. That entity was renamed in *1988*, and is now known as the Worker's Compensation Board.

2. That regulation provides, in relevant part, the following "Schedule of attorney fees":

A minimum of $100.00 and upon the first $10,000.00 of the recovery, 20%; on the second $10,000 of the recovery, 15%; and 10%

upon all recovery in excess of $20,000.00. Provided, however, the board maintains continuing jurisdiction over all attorney fees in cases before the board and the board may order a different fee schedule or allowance in a proper case.

1989, requesting that he be awarded attorney fees in the amount of 33 1/3% of the recovery, given the large number of hours he had spent on the client's case. The full board held hearing on the requests that day, and on March 15, 1990, adopted the findings and decision of the single hearing member and denied the respondent's request for fees beyond those awarded in the single hearing member's original entry. In light of that decree, the respondent explained to the client that they could appeal the full board's decision on the "Petition for Fees," or file an additional petition before the full board setting forth in more detail the amount of time the respondent had spent on the client's case. The client did not agree to permit the respondent to revisit further the issue of fees that had been awarded.

On April 20, 1990, the employer caused to be issued a check for $34,354 to the client and the respondent. When the check was cashed, the respondent kept $27,000 as his fee for work he had done on the client's case.

Indiana Professional Conduct Rule 1.5(a) provides:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

This Court has held that agreements calling for attorney fees beyond the schedule set by the Industrial Board are void or unenforceable. *Buckler v. Hilt,* 209 Ind. 541, 200 N.E. 219 (1936); *see also Rickert v. Schreiber,* 116 Ind.App. 621, 66 N.E.2d 769 (1946) (contract for payment of attorney's fees contrary to the provisions of the worker's compensation act was void); *Bauer v. Biel,* 132 Ind.App. 224, 177 N.E.2d 269 (1961) (agreement to pay more than presumptive attorney fee in worker's compensation case held to be unenforceable). Other jurisdictions have found professional misconduct where lawyers charge fees in excess of that allowed under comparable worker's compensation awards or schedules. *See, e.g., Committee on Legal Ethics v. Burdette,* 191 W.Va. 346, 445 S.E.2d 733 (1994) (unreasonable fee); *In re Porter,* 156 Mont. 190, 478 P.2d 866 (1970) (same); *Coviello v. State Bar,* 41 Cal.2d 273, 259 P.2d 7 (1953) (violations of oath and duties as an attorney; acts involving dishonesty).

In the present case, the respondent elected to retain attorney fees in excess of the presumptive limits contained in 631 I.A.C. 1–1–24. He did so without advising the client the fee agreement was unenforceable under governing precedents. Although the Worker's Compensation Board is empowered to consider applications for additional attorney fees,[3] no such application was granted to the respondent. In fact, the respondent retained a fee substantially in excess of the presumptive limits despite the full board's express upholding of the single hearing member's initial fee award pursuant to the applicable limits.[4] Further, he did so despite his client's unwillingness to pursue modification of the fee award. We therefore conclude that the respondent's fee was unreasonable and thus that he violated Prof.Cond.R. 1.5(a).

Having found misconduct, we must now assess an appropriate discipline. The hear-

---

3. *See* 631 I.A.C. 1–1–24.

4. The $27,000 the respondent kept as his fee out of the initial $34,354 payment apparently was intended to represent 33 1/3 percent of the total recovery of $89,000.

ing officer concluded that a private reprimand was appropriate in this case, noting several mitigating circumstances. She noted the respondent's clean disciplinary record, the fact that he has practiced law in this state for 38 years, the testimony of colleagues who described him as "well-prepared," "honest," and "diligent," and the respondent's own assertion that he spent some 500 hours on the client's case. The hearing officer also noted that the respondent and the client have resolved their fee dispute, with the apparent culmination of that dispute taking place at hearing of this matter, where in open court the respondent apologized to the client. The Commission has pointed out that, in prior disciplinary cases, this Court has suggested that the "public import" of an attorney charging an excessive fee necessitates a sanction greater than a private reprimand. *In re Myers*, 663 N.E.2d 771, 774 (Ind.1996) (public reprimand where attorney agreed to a contingency fee of 33 1/3%, but where attorney actually retained a larger fee).[5]

Although we agree with the hearing officer that the mitigating factors put forth are somewhat persuasive, we also recognize that the respondent deliberately kept a fee far greater than that allowed by law, permitted by the board's order, or ultimately agreed to be pursued by the client. There is no contention put forth that the respondent exacted his fee based on a good faith albeit erroneous belief that the presumptive fee schedule was inapplicable to his case or that it somehow permitted a greater fee. The regulation setting the fee schedule is clear and the board's pronouncement of what the respondent's fee was unequivocal. The respondent's purposeful retention of over 30% of the client's total award in the face of clear directives indicating that he was entitled to substantially less is a serious transgression, which, standing alone, would warrant a period of suspension. However, in light of the mitigating factors which the hearing officer found compelling, we conclude that a public reprimand is not inappropriate in this case.

---

5. In that case, we stated that "[w]hether or not an attorney's fee is excessive is a question of public import; it has an impact on the availabili-

It is, therefore, ordered that the respondent, Francis M. Maley, is hereby reprimanded and admonished for the misconduct set forth above.

Costs of this proceeding are assessed against the respondent.

ty of legal services to the public, the administration of justice, and ultimately reflects on the attorney's status." *Myers*, 663 N.E.2d at 774.